**James Winslow PICKENS, Plaintiff,**

v.

**COLLECTION SERVICES OF ATHENS, INC., and William C. Bushnell, Defendants.**

No. 399CV072(DF).

United States District Court, M.D. Georgia, Athens Division.

Feb. 8, 2001.

Barry Gordon Irwin, Athens, GA, for James Winslow Pickens, plaintiffs.

William W. Horlock, Jr., Atlanta, Michael O. Crain, Athens, GA, for Collection Services of Athens, Inc., William Bushnell, defendants.

FITZPATRICK, District Judge.

This matter is before the Court on Plaintiff's motion for partial summary judgment (Tab # 36), Defendant Bushnell's motion for summary judgment (Tab # 33), and Defendant Collection Services of Athens's (hereinafter "Collection Services") motion for summary judgment (Tab # 30), as well as Defendant Bushnell's motion to strike Plaintiff's motion for partial summary judgment (Tab # 48).

## I. Facts

Plaintiff received medical services and treatment from the Athens Regional Medical Center. As a result of these services, Plaintiff incurred medical bills which he failed to pay.[1] Plaintiff's unpaid medical

---

1. Plaintiff's response to Defendants' statements of undisputed material facts alleges that a portion of the medical bills was for services rendered to Plaintiff's daughter, who was eligible for medicaid. Defendants have not addressed this fact, nor is it necessary for the Court's resolution of this issue; however,

bills were assigned to Collection Services for collection. Defendant Collection Services initiated suit against Plaintiff in the Magistrate Court of Athens–Clarke County. Defendant Bushnell represented Collection Services in this action. The collection suit was resolved when the parties entered into a consent judgment for the sum of $3,519.36.[2] The consent judgment was filed in the Magistrate Court of Athens–Clarke County on November 18, 1998. The consent judgment contained the following provision: "Should [James Pickens] fail to make payments as provided for in Paragraph Two, [Collection Services] shall have the right to enforce this judgment by any and all means available by law, including but not limited to, an action for Garnishment of Wages."

Plaintiff made a payment of $100.00 on December 15, 1998. After this payment, Plaintiff did not make any additional payments to Defendant Collection Services. Because of Plaintiff's failure to make any further payments, Defendant Collection Services, by and through its agent Defendant Bushnell, brought a garnishment action against Plaintiff's employer in the Magistrate Court of Oconee County on February 22, 1999. At the time of this garnishment action, Defendants were aware of the fact that Plaintiff resided in Athens–Clarke County. Plaintiff filed a traverse to the garnishment action on April 28, 1999, in which he objected to the amount of money claimed by Defendant Collection Services. Plaintiff and Defendant Collection Services subsequently reached an agreement, and a consent order was entered in the Magistrate Court of Oconee County on June 7, 1999, in which the parties agreed that the amount of in-

debtedness was $1,772.97. On June 8, 1999, Plaintiff brought the present lawsuit against Defendants under the Fair Debt Collection Practice Act (FDCPA), 15 U.S.C. § 1692 et seq.

## II. Discussion

### A. Defendant Bushnell's motion to strike Plaintiff's motion for partial summary judgment.

Defendant Bushnell submitted a motion asking the Court to strike Plaintiff's motion for partial summary judgment based on his failure to comply with Local Rule 56 of the Local Rules of the Middle District of Georgia. Plaintiff filed a motion for partial summary judgment on June 12, 2000. As required under Local Rule 56, Plaintiff filed a statement of undisputed material facts. Plaintiff's statement of material facts, however, did not contain any references to the sources supporting his facts as required by Local Rule 56. In relevant part, Local Rule 56 provides as follows:

> Upon filing any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil procedure, a separate, short, and concise statement of material facts as to which the moving party contends there is no genuine issue to be tried, including specific reference to those parts of the pleadings, deposition, answers to interrogatories, admissions, and affidavits which support such contentions shall be filed with the motion and supporting memorandum.

M.D. Ga. Local Ct. R. 56. Local Rule 56 further provides that "failure to comply with this rule *may* result in denial of this motion." *Id.* (emphasis added).

---

the Court did want the record to accurately reflect Plaintiff's indebtedness.

**2.** While Plaintiff admits that there was a consent judgment in the collection suit, Plaintiff

contends that the consent judgment was agreed to on the condition that Collection Services would investigate the medicaid eligibility of Plaintiff's child before beginning collection.

The Court has discretion as to whether the moving party's failure to comply with Local Rule 56 will result in denial of the motion. In this case, the Court notes that the facts at issue are fairly straightforward and that there is little factual dispute. Moreover, both Defendants filed responsive statements of material facts in which they admitted or denied Plaintiff's factual statements. The Court further notes that a motion to strike is used to strike irrelevant, immaterial matter from the pleadings, and is not the proper tool to object to a failure to follow procedural rules. *See* Fed.R.Civ.P. 12(f). Based on all these factors, the Court DENIES Defendant's motion to strike. In ruling on Plaintiff's motion for partial summary judgment, however, the Court will keep in mind Defendant's objection to Plaintiff's lack of citation to sources as it assesses Plaintiff's statement of material facts.

### B. Summary Judgment Motions

#### i. Summary Judgment Standard.

Summary judgment must be granted if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Johnson v. Clifton,* 74 F.3d 1087, 1090 (11th Cir.1996). However, not all factual disputes render summary judgment inappropriate; only genuine issues of material fact will defeat a properly supported motion for summary judgment. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In reviewing a motion for summary judgment, the court must construe the evidence and all justifiable inferences in the light most favorable

to the nonmoving party. *See id.* at 255, 106 S.Ct. 2505; *Johnson,* 74 F.3d at 1090.

#### ii. Discussion

 Plaintiff's complaint alleges a violation of the venue provision of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692i, based on the filing by Defendants of a garnishment action in Oconee County. Violation of the venue provision is sufficient to establish liability. *See* 15 U.S.C. § 1692k; *see also Fox v. Citicorp Credit Servs., Inc.,* 15 F.3d 1507, 1511 (9th Cir.1994). Section 1692i provides for venue, in relevant part, as follows:

> (a) Any debt collector[3] who brings any legal action on a debt against a consumer shall ...
>
> (2) ... bring such action only in the judicial district or a similar legal entity—
>
>> (A) in which such consumer has signed the contract sued upon; or
>>
>> (B) in which such consumer resides at the commencement of the action.

Both Defendants filed summary judgment motions in which they argued that the garnishment action did not violate section 1692i. Defendant Bushnell's motion for summary judgment primarily relies on the argument that Defendants' garnishment of Plaintiff's wages was not a "legal action on a debt." Defendant Collection Services puts forth several arguments regarding the inapplicability of the garnishment provision, one of which is that the garnishment action should not fall within the reach of the venue provision as it is an action against the garnishee rather than the consumer. Plaintiff also filed a sum-

---

**3.** For purposes of the summary judgment motions, Defendant Bushnell "presumes that as the attorney for defendant CSA [Collection Services] in the underlying garnishment he was a debt collector or an agent of a debt collector for the relevant time periods, and therefore subject to certain requirements of the FDCPA."

mary judgment motion in which he argues that because Section 1692i applies to garnishment proceedings, he is entitled to summary judgment on the issue of liability.

The Court believes that the facts of this case are clear and finds that there is no dispute regarding any material issue of fact. Consequently, in assessing the summary judgment motions before it, the Court's role is to determine the reach of FDCPA's venue provision and whether or not it is applicable to the present situation.

In determining whether or not this garnishment action falls within the meaning of the venue provision of the FDCPA, the Court must begin with the plain language of the statute. *See United States v. Steele*, 147 F.3d 1316, 1318 (11th Cir.1998) (noting that "[i]n construing a statute we must begin, and often should end as well, with the language of the statute itself."). The Court will only turn to legislative history when the language is ambiguous. *See Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1283 (11th Cir.1999) ("When interpreting a statute, we look to its plain language, resorting to legislative history in an attempt to discern congressional intent only when the language of the statute is unclear.").

The relevant language at issue in this case is the following introductory clause: "Any debt collector who brings any legal action on a debt *against a consumer* . . . ." 15 U.S.C. § 1692i(a) (emphasis added). The Court finds that the statutory language is clear in that the statute applies only to legal actions which are brought against a consumer. Thus, the Court must determine whether the garnishment action in this case was brought against the consumer or against another party.

The Official Code of Georgia sets forth specific procedures that must be followed in a garnishment proceeding. *See* O.C.G.A. § 18-4-1 et. seq. (1999). The Court notes that under Georgia garnishment law, "a garnishment proceeding is an action between the plaintiff [judgment creditor] and the garnishee." O.C.G.A. § 18-4-93. The judgment debtor may become a party to the proceeding by filing a traverse to the plaintiff's affidavit; however, the judgment debtor is not a party to the garnishment. *Id.* Thus, as required by the Georgia code, the garnishment action in this case was an action by the judgment creditor against the garnishee, and not against the consumer. Accordingly, the Court does not believe that the garnishment action violates the FDCPA venue provision.

In further support of its position, the Court notes that the Defendants were following Georgia venue law, which provides that venue in a garnishment proceeding against a corporation is "in the county in which is located the corporate office or place of business where the employee who is the defendant in the main action is employed." O.C.G.A. § 14-2-510. Because a garnishment action is brought against the employer rather than the judgment debtor, the Court is concerned that requiring the action to be filed in the judgment debtor's county of residence, as in the case here, may not afford courts jurisdiction over garnishees.[4]

The Court recognizes the concern that not applying the FDCPA's venue provision in collection proceedings against parties other than the debtor could circumvent the purpose of the FDCPA as the debtor is ultimately affected by these actions. The Court notes, however, that in enforcement

---

4. In Plaintiff's reply brief, he suggests that the garnishment action could have been brought in Athens–Clarke County with a second original filed with the employer in Oconee County.

Despite Plaintiff's contention, which is made without the support of any legal citations, the Court feels that its reasoning and its concern regarding jurisdiction is proper.

actions such as the one at issue in this case, the debtor has already had the chance to defend the debt action in the original proceeding in which the judgment was obtained. The original proceeding should have complied with the FDCPA and been brought against the debtor in one of the jurisdictions provided for under the venue provision. The Court believes that the Federal Trade Commission's commentary on this issue supports the Court's analysis. The FTC considered the venue provision and commented that "[i]f a judgment is obtained in a forum that satisfies the requirements of the section, it may be enforced in another jurisdiction, because the consumer previously has had the opportunity to defend the original action in a convenient forum." 53 Fed.Reg. 50,097, 50,109 (1988). Although the FTC commentary is non-binding, the Eleventh Circuit has noted that in interpreting the FDCPA, the commentary should be given considerable weight. *See Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1372, n. 2 (11th Cir.) (1998) (citing *Chevron, U.S.A. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 844, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), and remarking that because the FTC is responsible for administering the FDCPA, "its interpretation should be accorded considerable weight").

Plaintiff has not cited any Eleventh Circuit cases on this issue, nor have the Court's efforts yielded any binding precedent. Instead, Plaintiff relies on *Fox*, 15 F.3d 1507, to support his argument that the garnishment action falls within the venue provision. The Court agrees that *Fox* does stand for the proposition that legal actions involving the enforcement of a previously adjudicated right are encompassed within section 1692i. *See* 15 F.3d at 1515. In addition, the Court notes that the action at issue in *Fox* involved an application for a writ of garnishment. The Court distinguishes *Fox*, however, as the Ninth Circuit did not address the "against a consumer" language in the venue provision, which is the language upon which the Court bases its decision in this case. The Ninth Circuit merely addressed whether or not "an action in enforcement of a previously-obtained judgment" falls within the venue provision, and did not consider any arguments regarding the nature of a garnishment action or the actual garnishment process in Arizona. As such, the Court does not find the reasoning of *Fox* persuasive in this case.

Based on the foregoing analysis, the Court finds that the garnishment action against the garnishee in the Magistrate Court of Oconee County was not in violation of section 1692i. Accordingly, Defendants' motions for summary judgment are GRANTED and Plaintiff's motion for partial summary judgment is DENIED.

### III. Conclusion

Plaintiff's motion for partial summary judgment (Tab # 36) is **DENIED**. Defendant Bushnell's motion for summary judgment (Tab # 33) and Defendant Collection Services's motion for summary judgment (Tab # 30) are **GRANTED**. Defendant Bushnell's motion to strike Plaintiff's motion for partial summary judgment (Tab # 48) is **DENIED**.