**Jennifer SMITH, Plaintiff,**

v.

**SOLOMON AND SOLOMON, P.C., Julie B. Solomon, Defendants.**

**Civil Action No. 12–10274–RBC.**

United States District Court, D. Massachusetts.

Aug. 23, 2012.

---

Roger C. Stanford, Stanford & Schall, New Bedford, MA, for Plaintiff.

Julie B. Solomon, Solomon & Solomon, Albany, NY, for Defendants.

### MEMORANDUM AND ORDER ON DEFENDANTS' SOLOMON AND SOLOMON, P.C. AND JULIE B. SOLOMON MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND FOR FEES UNDER 15 USC SECTION 1692K (# 6)

ROBERT B. COLLINGS, United States Magistrate Judge.

### I. Introduction

Plaintiff, Jennifer Smith ("Smith"), brings this action to recover actual and/or statutory damages arising from defendants' violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* On May 26, 2010, the New Bedford District Court entered default judgment against Smith in a suit to recover a consumer debt. She alleges that defendants, Solomon and Solomon, P.C., and Julie B. Solomon, violated the venue provision set forth in 15 U.S.C. § 1692i(a)(2) by subsequently filing a suit on judgment seeking trustee process in the Attleboro District Court, a judicial district where Smith neither resides nor signed the underlying contract.

On April 4, 2012, the defendants filed a motion to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim (# 6), together with supporting memoranda. (## 6–1, 6–2, 6–3) Defendants also seek fees and costs under 15 U.S.C. § 1692k. (# 6) Plaintiff has filed a memorandum in opposition to the motion. (# 8) Defendants subsequently filed a reply memorandum. (# 9) With the record complete, the motion to dismiss is poised for resolution.

### II. Background

The facts of this case, taken in the light most favorable to the plaintiff, are as follows: Smith, formerly known as Jennifer Gonsalves, is a resident of New Bedford, Massachusetts. (# 1 ¶ 3) At all relevant times, Smith was employed by the U.S. Department of the Interior, and was a site manager in Providence, Rhode Island. (# 1 ¶ 12)

Defendant, Solomon & Solomon, P.C., is a New York professional corporation with its principal place of business in Albany, New York. (# 1 ¶ 4) Defendant, Julie B. Solomon, is an attorney who serves as a director at Solomon & Solomon, P.C. (# 1 ¶ 4) A principal purpose of the defendants' business is the collection of debts, and defendants regularly attempt to collect consumer debts alleged to be owed to another. (# 1 ¶¶ 4–5)

Solomon and Solomon, P.C., on behalf of its client, North Star Capital Acquisition, LLC, brought suit against Smith in the New Bedford District Court to collect a consumer credit card debt ("New Bedford suit"). (# 1 ¶¶ 7, 13) On May 26, 2010, the New Bedford District Court entered default judgment against Smith in the amount of $7,159.22. (# 1 ¶ 8) On March 3, 2011, Solomon and Solomon, P.C., on behalf North Star Capital Acquisition, LLC, brought a suit on judgment in the Attleboro District Court ("Attleboro suit").[1](# 1 ¶ 9, # 1–1) This suit sought to attach Smith's wages from her employer via trustee process. (# 1 ¶ 11)

The trustee in the Attleboro suit, U.S. Department of the Interior, maintains a

---

**1.** The case was entitled *North Star Capital, LLC, Plaintiff v. Jennifer Gonsalves, Defendant and U.S. Department of the Interior, Trustee.* (# 1–1)

place of business located at 144 Bugay Road, North Attleboro, Massachusetts. (# 1–1) Additionally, it maintains a place of business at 282 North Main Street, Providence, Rhode Island, where Smith was employed. (# 1 ¶ 12) At no time has Smith resided within the towns serviced by the Attleboro District Court. (# 1 ¶ 13) The credit card debt at issue in the underlying New Bedford suit was not entered into in any way in any of the towns serviced by the Attleboro District Court. (# 1 ¶ 13)

On February 13, 2012, the plaintiff instituted the present action. The defendants have moved to dismiss Smith's complaint with prejudice for failure to state a claim, arguing that the plaintiff's claim is baseless and ignores Massachusetts law governing trustee process. Defendants also seek fees and costs under 15 U.S.C. § 1692k, alleging that the plaintiff's complaint was entered in bad faith and for the purposes of harassment.

### III. The Standard of Review

A Rule 12(b)(6) motion to dismiss challenges a party's complaint for failing to state a claim. In deciding such a motion, a court must " 'accept as true all well-pleaded facts set forth in the complaint and draw all reasonable inferences therefrom in the pleader's favor.' " *Haley v. City of Boston,* 657 F.3d 39, 46 (1 Cir.2011) (quoting *Artuso v. Vertex Pharm., Inc.,* 637 F.3d 1, 5 (1 Cir.2011)). "[T]he complaint must 'contain sufficient factual matter ... to state a claim to relief that is plausible on its face.' " *Haley,* 657 F.3d at 46 (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (further internal quotations and citation omitted) (alteration in original)). When considering a motion to dismiss, a court "may augment these facts and inferences with data points gleaned from documents incorporated by reference into the complaint, matters of public record, and facts susceptible to judicial notice." *Haley,* 657 F.3d at 46 (citing *In re Colonial Mortg. Bankers Corp.,* 324 F.3d 12, 15 (1 Cir. 2003)).

### IV. Discussion

The FDCPA sets forth that "[a]ny debt collector who brings *any legal action on a debt against any consumer* shall ... bring such action only in the judicial district or similar legal entity ... (A) in which such consumer signed the contract sued upon; or (B) in which such consumer resides at the commencement of the action." 15 U.S.C. § 1692i(a) (emphasis added). A "debt" refers to "any obligation ... of a consumer to pay money arising out of a transaction ... whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5). The dispute in the instant case is whether the venue provision is applicable to post-judgment enforcement actions to recover debts under Massachusetts' trustee process.

Plaintiff does not allege that jurisdiction and venue were improper in the underlying New Bedford suit. Defendants, for the purposes of the motion before the Court, do not dispute that they, as alleged, are debt collectors (# 1 ¶¶ 4–5) or that Smith is a consumer (# 1 ¶ 7). Further, the Attleboro suit clearly constitutes a "legal action on a debt" under the FDCPA, consistent with the statutory definition of debt in 15 U.S.C. § 1692a(5) and the Ninth Circuit's holding in *Fox v. Citicorp Credit Serv., Inc.,* 15 F.3d 1507 (9th Cir.1994) (cited by plaintiff).[2] Lastly, the

---

2. In *Fox v. Citicorp Credit Serv., Inc.,* the court found that an application for a writ of garnishment is a "legal action on a debt" as defined by the FDCPA. *Fox,* 15 F.3d at 1515. While the court did hold that post-judgment enforcement actions were considered "legal actions" under the FDCPA, the court did not address whether such actions were considered actions "against the consumer."

Court finds that the language of the FDCPA's venue provision is clear in its intent to limit the provision's ambit to *only* those legal actions brought "against the consumer."

Thus, the question at hand is reduced to whether Massachusetts' trustee process is a legal action "against the consumer" and hence subject to the FDCPA's venue provision. The First Circuit has not had occasion to rule on the matter. The parties rely on conflicting case law from other circuits.

Defendants argue that trustee process is not an action against the consumer, but rather against the third-party trustee, and thus falls outside the FDCPA's venue provision. Defendants rely on *Pickens v. Collection Serv. of Athens, Inc.,* 165 F.Supp.2d 1376 (M.D.Ga.), *aff'd,* 273 F.3d 1121 (11th Cir.2001) (Table). There, the court found "that the [FDCPA's] statutory language is clear in that the statute applies *only* to legal actions which are brought against a consumer." *Id.* at 1380 (emphasis added). Under Georgia state law, a garnishment proceeding is explicitly defined by statute as an action between the judgment creditor and the employer-garnishee.[3] *Id.* (citing Ga.Code Ann. § 18–4–93). Since such proceedings are not "against the consumer," they do not violate the venue provision of the FDCPA. *Id.*

Plaintiff directly rebuts defendants' position, contending that trustee process in Massachusetts is "against the consumer." Plaintiff leans heavily on the actual complaint filed in the Attleboro suit as evidence in favor of her position. As the named defendant in the complaint, Smith asserts that the suit on judgment is unambiguously against her, the consumer. This is unpersuasive. What plaintiff offers is a mere procedural convention. Even in Georgia, where garnishment proceeding are explicitly defined by statute as an action between the judgment creditor and employer-garnishee, the complaint form follows a similar convention where the named defendant is the employee-judgment debtor. *See* Ga Code Ann. § 18–4–66.

In Massachusetts, trustee process is governed by statute, and venue in district court for such proceedings is limited in that, "[n]o person shall be held to answer as a trustee in an action in a district court ... in any county other than that where he dwells or has a usual place of business...." Mass. Gen. L. c. 246, § 4. Specific procedures for seeking trustee process are detailed in Rule 4.2 of the Massachusetts Rules for Civil Procedure.

It is clear that the remedy sought by a plaintiff in a Massachusetts' trustee process action is to compel the employer-trustee to act. That is, the plaintiff in such proceedings is seeking to have the court *order the trustee* to redirect the monies it owes to the employee-judgment debtor to the judgment creditor in order to satisfy the underlying judgment debt. It is the employer-trustee who is served with the summons, who is subject to the court's jurisdiction, who must answer the summons, and against/for whom judgment will be rendered. Mass. R. Civ. P. 4.2(b). Thus, the Court finds that it is clear that Massachusetts' trustee process is a legal action directed against the third-party trustee, not the consumer.

Plaintiff also cites *Adkins v. Weltman, Weinberg & Reis Co., L.P.A.,* No. 2:11–CV–00619, 2012 WL 604249, at *1 (S.D.Ohio Feb. 24, 2012) in support of a more expansive interpretation of the

---

**3.** Under Georgia law, a judgment debtor may file a traverse in order to become a party to the proceedings. *Id.*

FDCPA's "against the consumer" language. There, in denying the defendant's motion to dismiss, the court held that a garnishment proceeding is necessarily an action against the employee-judgment debtor, and not the employer-garnishee. *Id.* at *6. The court reasoned:

> Only the judgment creditor and the judgment debtor have any beneficial interest at stake in a garnishment action. The nominal 'defendant' in a wage garnishment, the employer-debtor of the employee-judgment debtor, has no claim to the money garnisheed....
>
> The Due Process Clause of the Fourteenth Amendment to the Constitution of the United States recognizes that obvious fact by requiring the judgment creditor to give notice to the judgment debtor of the garnishment and requiring the issuing court to afford the judgment debtor an opportunity to contest the garnishment.

*Id.* (citing *Sniadach v. Family Finance Corp. of Bay View*, 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969)). Thus, the court concluded, "[i]t would put form over substance to find that a garnishment action is solely 'against' the third party debtor and not the judgment debtor." *Id.* at *1.

Applying the *Adkins* court's analysis to Massachusetts' trustee process proceedings would be improper, primarily because the statutory framework supporting the *Adkins* decision is vastly different. Garnishment proceedings in Ohio are defined by statute as against the employee-judgment debtor, not the employer-garnishee.

Ohio Rev.Code Ann. § 2716.03. In these proceedings, service and jurisdiction are directed at the employee, not the employer. Additionally, in Ohio, subsequent service of the trustee is not restricted to where the trustee has "a usual place of business" as it is in Massachusetts.[4]

■ The Massachusetts rules require that "[n]o trustee summons may be served unless attachment on trustee process for a specified amount has been approved by order of the court." Mass. R. Civ. P. 4.2(c). Approval for attachment may occur only after notice is provided to the judgment debtor and a hearing is held to determine whether "there is a reasonable likelihood that the plaintiff will recover judgment." *Id.* The question remaining before the Court is whether the service of a copy of the complaint on the judgment debtor and her opportunity to participate in the hearing are sufficient procedural steps that could, by themselves, be construed as legal actions "against the consumer."

The rules require that the defendant be served with a copy of the complaint, a notice of hearing, and the motion for trustee process, along with any supporting affidavits. Mass. R. Civ. P. 4.2(c). However, the rules are explicit in that, "[i]nclusion of a copy of the complaint in the notice of hearing shall not constitute personal service of the complaint upon the defendant."[5] *Id.* It is clear that service of the complaint in this context is solely to provide notice of the proceedings to the judg-

---

4. In Ohio, "[a] court of common pleas or municipal or county court that issues an order of garnishment of personal earnings has jurisdiction to serve process pursuant to this section upon a garnishee who does not reside within the territorial jurisdiction of the court...." Ohio Rev.Code Ann. § 2716.05.

5. The rule requires a notice to the defendant to accompany the complaint. "The notice shall inform the defendant that by appearing to be heard on the motion for approval of an attachment on trustee process he will not thereby submit himself to the jurisdiction of the court nor waive service of the complaint and summons upon him in the manner provided by law." Mass. R. Civ. P. 4.2(c).

ment debtor, and not to confer jurisdiction or otherwise compel action on her part.

■ The subsequent hearing provides the judgment debtor with an opportunity to be heard by the court prior to the court's approval of the order for attachment and issuance of the summons to the trustee. While the judgment debtor certainly has an interest in the hearing, construing this procedural step as an action "against the consumer" would require judicial stretch. The judgment debtor has already had her day in court. In the underlying New Bedford suit defendants comported with the venue requirement, assuaging any Congressional concern regarding 'forum abuse' when "debt collectors file suit against consumers in courts which are so distant or inconvenient that consumers are unable to appear. As a result, the debt collectors obtains a default judgment and the consumer is denied his day in court."[6] S.Rep. No. 95–382 at 5 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1699.

The Court also notes that the plaintiff's formulation of Massachusetts' trustee process, set against the backdrop of the FDCPA's venue provision, would, at times, create competing and incongruent jurisdictional requirements which may preclude a potentially significant number of legitimate post-judgment enforcement actions. Defendants rightly point out that under such a formulation, enforcement through trustee process would be viable only when the employee-judgment debtor resided or signed the underlying debt contract in the same county where the employer-garnishee had "a usual place of business."

Alternatively, plaintiff encourages the Court to view the Attleboro suit as two separate legal actions-a suit on judgment against Smith and an action to seek trustee process against the U.S. Department of the Interior. (# 1 ¶¶ 9–11) This is not the proper reading of the rules governing trustee process. "An action in which trustee process is sought may be commenced only by filing the complaint with the court, *together* with a motion for approval of attachment on trustee process." Mass. R. Civ. P. 4.2(c) (emphasis added). Procedurally, the rule requires both the complaint and motion in order to commence suit; however, as the plain language indicates, they are not to be considered independent legal actions.

The FDCPA statutory language is clear in that the venue provision applies only to legal actions "against the consumer." Having determined that trustee process in Massachusetts is an action against a third-party trustee and not the consumer, Smith's complaint fails sufficiently to allege that the defendants initiated a legal action against a consumer in violation of the FDCPA's venue provision, and it should be dismissed.

■ Defendants have also moved to recover fees and costs under 15 U.S.C. § 1692k. The Court must determine that the plaintiff's complaint was brought in bad faith and for the purposes of harassment. In light of the lack of precedent in the First Circuit, competing holdings in other circuits, and the absence of any evidence in the record to indicate that the plaintiff filed the complaint in bad faith, an

---

**6.** While not central to the Court's reasoning today, the Court does take notice of, and finds support in, the Federal Trade Commission's commentary, "[i]f a judgment is obtained in a forum that satisfies the requirements of this section, it may be enforced in another jurisdiction, because the consumer previously has had the opportunity to defend the original action in a convenient forum." Statements of General Policy or Interpretation Staff Commentary On the Fair Debt Collection Practices Act, 53 Fed.Reg. 50097, 50109 (Dec. 13, 1988).

award of fees and costs under this section is not warranted.

### V. Conclusion and Order

For all the reasons stated, it is ORDERED that the Defendants' Solomon And Solomon, P.C. And Julie B. Solomon Motion To Dismiss Plaintiff's Complaint And For Fees Under 15 USC Section 1692k (# 6) be, and hereby is, ALLOWED to the extent the complaint is DISMISSED, and otherwise, DENIED. Judgment shall enter for the Defendants.