# United States Court of Appeals
## For the First Circuit

No. 12-2169

JENNIFER SMITH,

Plaintiff, Appellant,

v.

SOLOMON & SOLOMON, P.C.;
JULIE B. SOLOMON,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Robert B. Collings, U.S. Magistrate Judge]

Before

Thompson, Circuit Judge,
Souter,[*] Associate Justice,
and Stahl, Circuit Judge.

Roger Stanford and Stanford & Schall on brief for appellant.
Julie B. Solomon and Solomon & Solomon, P.C. on brief for appellees.

April 24, 2013

---

[*]   Hon. David H. Souter, Associate Justice (Ret.) of the Supreme Court of the United States, sitting by designation.

**STAHL, Circuit Judge**.  This case requires us to decide whether the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq., controls the choice of venue in a post-judgment enforcement action to recover a debt under Massachusetts trustee process law.  We conclude that it does not.

The facts of this case are neither complex nor contested. The plaintiff-appellant is Jennifer Smith, formerly known as Jennifer Gonsalves, who was, at all relevant times, a resident of New Bedford, Massachusetts and an employee of the U.S. Department of the Interior.  The defendants-appellees are Solomon & Solomon, P.C., a law firm that specializes in debt collection, and Julie B. Solomon, an attorney who serves as a director at the firm.

In May 2010, the New Bedford District Court entered a default judgment against Smith in a suit filed by Solomon & Solomon to recover a consumer debt.  In March 2011, Solomon & Solomon then brought a second suit in the Attleboro District Court, seeking to collect on the 2010 default judgment by attaching Smith's wages from the Department of the Interior, via trustee process.  North Attleboro is one of the locations in which the Department of the Interior maintains a usual place of business.

In February 2012, Smith filed the present action to recover damages, alleging that the defendants-appellees violated the FDCPA venue provision, 15 U.S.C. § 1692i(a), when they brought the 2011 Attleboro suit in a district other than the one in which

she resides or signed the underlying contract, see id. § 1692k (FDCPA civil liability provision); Fox v. Citicorp Credit Services, Inc., 15 F.3d 1507, 1511 (9th Cir. 1994) ("The parties agree that a violation of the venue provision may support civil liability."); Pickens v. Collection Services of Athens, Inc., 165 F. Supp. 2d 1376, 1379 (M.D. Ga.), aff'd, 273 F.3d 1121 (11th Cir. 2001) (Table) ("Violation of the venue provision is sufficient to establish liability."). The defendants-appellees moved to dismiss, see Fed. R. Civ. P. 12(b)(6), and requested fees and costs, arguing that Smith's claim was baseless in that it ignored Massachusetts trustee process law. Although the district court granted the motion to dismiss, it denied the request for fees. Smith v. Solomon & Solomon, P.C., 887 F. Supp. 2d 334 (D. Mass. 2012). This appeal followed; our review is de novo. See Pruell v. Caritas Christi, 645 F.3d 81, 83 (1st Cir. 2011).

In Massachusetts, a plaintiff cannot attach a debtor's wages or salary "except on a claim that has first been reduced to judgment or otherwise authorized by law." Mass. R. Civ. P. 4.2(a). The defendants-appellees reduced their claim to judgment through the initial New Bedford District Court action, and Smith concedes that venue was proper in that suit. Thus, this case, unlike Harrington v. CACV of Colo., LLC, 508 F. Supp. 2d 128, 131, 133-34 (D. Mass. 2007), concerns the question of what venue is proper in

-3-

a post-judgment enforcement proceeding, not an initial collections action.

The FDCPA venue provision requires "[a]ny debt collector who brings any legal action on a debt against any consumer" to do so "only in the judicial district or similar legal entity -- (A) in which such consumer signed the contract sued upon; or (B) in which such consumer resides at the commencement of the action." 15 U.S.C. § 1692i(a). The parties agree that the defendants-appellees qualify as debt collectors, that the 2011 trustee process suit was a "legal action on a debt" within the meaning of the FDCPA, that it was not filed in a judicial district in which Smith "signed the contract sued upon" or in which she resided, and that the FDCPA venue provision applies only to legal actions brought "against any consumer." Id. What they vigorously dispute is whether a post-judgment enforcement proceeding -- here, under Massachusetts trustee process law -- qualifies as a legal action "against any consumer." Id. The text of the FDCPA provides no definition of that phrase and thus no guidance on the issue. See id.

As far as we are aware, only one circuit court has reviewed the exact question before us. In Pickens, 273 F.3d 1121, the Eleventh Circuit affirmed a district court's conclusion that a garnishment action under Georgia law is not against the consumer within the meaning of the FDCPA, 165 F. Supp. 2d at 1380-81. The district court relied on the fact that the Georgia statutory scheme

-4-

described a garnishment proceeding as an action between the judgment creditor and the garnishee and required venue to be based on the garnishee's place of business, id. at 1380, and on the fact that the judgment debtor had already had a chance to defend against the original debt action, id. at 1381.[1]

Smith points to Fox, in which the Ninth Circuit concluded generally that "[t]he plain meaning of the term 'legal action'" in the FDCPA venue provision "encompasses all judicial proceedings, including those in enforcement of a previously-adjudicated right." 15 F.3d at 1515; see also Flores v. Quick Collect, Inc., No. 06-1564-AA, 2007 WL 2769003, at *3 (D. Or. Sept. 18, 2007) (following Fox). However, Fox did not address the "against any consumer" language in the FDCPA, nor was the court apparently asked to decide whether the garnishment process under the applicable state law fell within that definition. Our task today is to consider those issues.

Trustee process in Massachusetts is governed by Chapter 246 of the Massachusetts General Laws and Massachusetts Rule of Civil Procedure 4.2. We agree with the district court that the

---

[1] At least two district courts, in addition to the one below and the one in Pickens, have also weighed in on the issue. Compare Schuback v. Law Offices of Phillip S. Van Embden, P.C., No. 1:12-CV-320, 2013 WL 432641, at *2-6 (M.D. Pa. Feb. 1, 2013) (holding that a writ of execution under New Jersey law is not an action against the consumer), with Adkins v. Weltman, Weinberg & Reis Co., L.P.A., No. 2:11-cv-00619, 2012 WL 604249, at *4-7 (S.D. Ohio Feb. 24, 2012) (holding that a garnishment proceeding is an action against the consumer).

state statute and rule define trustee process as "a legal action directed against the third-party trustee, not the consumer." Smith, 887 F. Supp. 2d at 338. We see no need to rehash the district court's thorough and persuasive opinion and will therefore keep our explanation brief.

Once the defendants-appellees obtained the default judgment against Smith, the Massachusetts trustee process scheme required them to file their subsequent suit to collect on the judgment in a county in which the trustee (here, the Department of the Interior) resides or has a usual place of business. See Mass. Gen. Laws ch. 246, § 4 (mandating that "[n]o person shall be held to answer as a trustee in an action in a district court . . . in any county other than that where he dwells or has a usual place of business"). Smith, the defendant debtor, could then move for a change of venue, see id. § 4A, but the fact that a trustee process action in Massachusetts can only be initiated in the venue in which the trustee is located indicates that the action is directed against the trustee, not the debtor.

The specific procedures for seeking trustee process laid out in Rule 4.2 provide further support for that proposition. The summons must be directed to the trustee, who is the party required to answer. See Mass. R. Civ. P. 4.2(b). The defendant debtor can appear to be heard on the motion for approval of attachment but does not thereby submit herself to the court's jurisdiction. See

Mass. R. Civ. P. 4.2(c).[2] There is no doubt that the debtor has an interest in the proceeding; she must be given notice of the hearing and an opportunity to contest the attachment. See id. Fundamentally, however, a Massachusetts trustee process action is geared toward compelling the trustee to act, not the debtor. See Smith, 887 F. Supp. 2d at 340.[3]

We find no conflict between that state statutory scheme and the FDCPA. The Congressional concern underlying the FDCPA venue provision was that a debt collector would file in an inconvenient forum, obtain a default judgment, and thereby deny the consumer an opportunity to defend herself. See S. Rep. No. 95-382, at 5 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1699. That concern is not present in the case of a post-judgment enforcement proceeding under Massachusetts trustee process law. The original suit to collect on the debt occurred in a forum that was convenient for Smith, and she had an opportunity to defend against it. She was not, in the words of Congress, "denied [her] day in court." Id.

---

[2] An order approving trustee process can also be entered ex parte, without prior notice to the debtor. See Mass. R. Civ. P. 4.2(g). The debtor has a right to appear and challenge an ex parte order, but again "without thereby submitting his person to the jurisdiction of the court." Mass. R. Civ. P. 4.2(h).

[3] We agree with the district court that the fact that the complaint in this case named Smith as the defendant was merely a "procedural convention." Smith, 887 F. Supp. 2d at 338.

The Federal Trade Commission (FTC) seems to agree that the FDCPA venue provision does not control in a post-judgment enforcement proceeding like the one at issue here. The FTC's commentary to the FDCPA provides that, "[i]f a judgment is obtained in a forum that satisfies the requirements of [15 U.S.C. § 1692i], it may be enforced in another jurisdiction, because the consumer previously has had the opportunity to defend the original action in a convenient forum." Statements of General Policy or Interpretation Staff Commentary On the Fair Debt Collection Practices Act, 53 Fed. Reg. 50,097, 50,109 (Dec. 13, 1988). The commentary is not entitled to Chevron deference, see id. at 50,101; Gulley v. Markoff & Krasny, 664 F.3d 1073, 1074-75 (7th Cir. 2011); Brown v. Card Serv. Ctr., 464 F.3d 450, 455 (3d Cir. 2006), but it lends further support to our conclusion today.

Smith relies heavily on the Ninth Circuit's contrary decision in Fox, 15 F.3d 1507, and on Adkins v. Weltman, Weinberg & Reis Co., L.P.A., No. 2:11-cv-00619, 2012 WL 604249 (S.D. Ohio Feb. 24, 2012). We find those cases unpersuasive. Fox did not consider the "against any consumer" language in the FDCPA venue provision at all, and Adkins considered it in the context of an entirely different state statutory scheme. See Smith, 887 F. Supp. 2d at 339.[4] Furthermore, if we were to interpret the FDCPA venue

---

[4] Although the Adkins court did not explicitly rely on the text of the relevant Ohio garnishment statute in reaching its conclusion, see 2012 WL 604249, at *6-7, the statute defined

-8-

provision as Fox and Adkins do, it would be impossible for a debt collector to enforce a prior judgment through trustee process in Massachusetts unless the judgment debtor happened to reside or to have signed the underlying contract in the same county in which the trustee had a usual place of business. See Smith, 887 F. Supp. 2d at 340. We do not read the FDCPA as mandating such a strange result.

We turn, finally, to the defendants-appellees' request for fees. They did not appeal the district court's denial of fees below but have requested fees on appeal, claiming that Smith's appeal was frivolous. "An application for an award of fees on appeal should be filed as a separate motion within 30 days of the entry of final judgment in this court." Spooner v. EEN, Inc., 644 F.3d 62, 71 n.6 (1st Cir. 2011); see also 1st Cir. R. 39.1. Should the defendants-appellees wish to pursue their fee application further, they will need to follow the proper procedure.

The judgment of the district court is affirmed.

---

garnishment proceedings as being against the judgment debtor, not the garnishee, and thus differed significantly from the Massachusetts trustee process scheme, see Smith, 887 F. Supp. 2d at 339 (citing Ohio Rev. Code Ann. § 2716.03).