[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11518
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-01129-ODE


BRYSON RAY,

Plaintiff-Appellant,

versus

MCCULLOUGH PAYNE & HAAN, LLC,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(September 29, 2016)

Before ED CARNES, Chief Judge, MARTIN and ANDERSON, Circuit Judges.

ED CARNES, Chief Judge:

The venue provision in the Fair Debt Collection Practices Act (FDCPA) requires that "[a]ny debt collector who brings any legal action on a debt against any consumer shall . . . bring such action only in the judicial district or similar legal entity — (A) in which such consumer signed the contract sued upon; or (B) in which such consumer resides at the commencement of the action." 15 U.S.C. § 1692i(a)(2). In this case, the law firm of McCullough Payne & Haan, LLC filed a lawsuit in state court against Bryson Ray, a consumer-debtor. In compliance with the FDCPA's venue provision, the McCullough firm brought that action in Fulton County, Georgia, where Ray resided. After obtaining a judgment against Ray in that action, the McCullough firm initiated a garnishment proceeding against Ray's bank to collect on the judgment.[1] As required by Georgia law, it brought the garnishment action in Cobb County, Georgia, where the bank, as the garnishee, was located.

In response to the garnishment action, Ray filed this lawsuit, alleging that the McCullough firm had violated the FDCPA by bringing the garnishment action in a judicial district other than the one in which Ray resided or signed the underlying contract. On the McCullough firm's motion, the district court

---

[1] The McCullough firm contends that the record "does not indicate whether the garnishment action was a wage garnishment [against Ray's employer] or a bank garnishment [against Ray's bank]." Ray contends that it was a bank garnishment action. Because the outcome of this case does not depend on that issue, we will assume without deciding that Ray's bank was the defendant in the garnishment action.

2

dismissed Ray's complaint, concluding that the FDCPA's venue provision does not apply to garnishment actions under Georgia law because the provision applies only to legal actions "against any consumer" and a garnishment action is against the garnishee, not the consumer. Ray appeals the district court's dismissal, which we review de novo. See Robbins v. Garrison Prop. & Cas. Ins. Co., 809 F.3d 583, 585–86 (11th Cir. 2015).

The only question in this case is whether the FDCPA's venue provision applies to post-judgment garnishment proceedings. The McCullough firm maintains that this Court has already decided that question in Pickens v. Collection Services, 273 F.3d 1121 (11th Cir. 2001) (unpublished table decision). In that case, the district court concluded that the FDCPA's venue provision does not apply to Georgia garnishment actions and we affirmed without opinion under 11th Circuit Rule 36-1, which has since been repealed. See id.; Pickens v. Coll. Servs. of Athens, Inc., 165 F. Supp. 2d 1376, 1380–81 (M.D. Ga. 2001). The firm asserts that "the Eleventh Circuit affirmation in Pickens is binding authority on this panel." That could not be more wrong. In this Court, unpublished decisions, with or without opinion, are not precedential and they bind no one. See 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent . . . ."); United States v. Irey, 612 F.3d 1160, 1215 n.34 (11th Cir. 2010) ("Unpublished opinions are not precedential . . . ."); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1280

3

n.3 (11th Cir. 2001) ("An affirmance pursuant to Rule 36-1 has no precedential value."); Va. Props., Inc. v. Home Ins. Co., 74 F.3d 1131, 1132 n.2 (11th Cir. 1996) (explaining that when a panel affirms without opinion under Rule 36-1, the decision "will have no precedential value") (quotation marks omitted).  And, of course, district court opinions are not binding on us either.  See Pereda v. Brookdale Senior Living Cmtys., Inc., 666 F.3d 1269, 1273 n.7 (11th Cir. 2012).  No binding precedent answers the question whether the FDCPA's venue provision applies to Georgia garnishment proceedings.

Three other circuits have answered that question as it pertains to the laws of other states.  The First Circuit did so in Smith v. Solomon & Solomon, PC, 714 F.3d 73 (1st Cir. 2013), which involved post-judgment enforcement proceedings under Massachusetts' trustee process.  Like the McCullough firm, the law firm in Smith obtained a judgment against a consumer in the judicial district in which the consumer resided and then, about ten months later, it filed a collection action in another district against a "trustee" (in that case, the consumer's employer), seeking to attach the consumer's wages to satisfy the judgment.  Id. at 74.  The consumer filed suit, alleging that the law firm's second action violated the FDCPA's venue provision.  Id.  While the parties agreed that "the FDCPA venue provision applies only to legal actions brought 'against any consumer,'" they disputed "whether a

4

post-judgment enforcement proceeding . . . qualifies as a legal action 'against any consumer.'" Id. at 75 (quoting 15 U.S.C. § 1692i(a)).

To answer that question, the Smith court looked to the state statutes and rules that governed Massachusetts' trustee process. The statute required the judgment-creditor to file the collection action in the county in which the trustee or employer (not the consumer) was located, and the rules required the judgment creditor to direct the summons to the trustee or employer (not the consumer) and required the trustee or employer (not the consumer) to respond. Id. at 75–76. The First Circuit found that although the consumer had an interest in the proceedings and the statute allowed her to request a change of venue, "[f]undamentally . . . a Massachusetts trustee process action is geared toward compelling the trustee to act, not the debtor." Id. at 76. For those reasons, the First Circuit concluded that because post-judgment enforcement proceedings under Massachusetts law did not qualify as a legal action "against the consumer," the FDCPA venue provision did not apply to them. Id. at 76–77.

The Eighth Circuit reached the same result in Hageman v. Barton, 817 F.3d 611 (8th Cir. 2016), which involved post-judgment enforcement proceedings under Illinois law. Like the firms in this case and in Smith, the law firm in Hageman first obtained a judgment against the consumer in Missouri state court and then, several months later, initiated garnishment proceedings in Madison County, Illinois. Id. at

5

612–13.  The consumer sued the law firm, contending, among other things, that the firm violated the FDCPA's venue provision by bringing the garnishment action in a judicial district "where [he] neither worked nor resided and which bore no relationship to the underlying debt."  Id. at 617.  The Eighth Circuit explained that "[t]he [FDCPA's] venue restriction . . . applies only to legal actions 'on a debt against any consumer,'" which means that "the applicability of [the provision] depends upon whether . . . the garnishment proceedings pursuant to Illinois law are legal actions 'against any consumer.'"  Id. (quoting 15 U.S.C. § 1692i(a)).

Following the First Circuit's lead, the Eighth Circuit looked to the state statutes governing Illinois' garnishment proceedings.  Like Massachusetts, Illinois required the judgment-creditor to direct its summons against the consumer's employer (not the consumer) and required the employer (not the consumer) to respond to and comply with any garnishment order.  Id. at 618.  Based on that, the Eighth Circuit concluded that because a post-judgment garnishment action under Illinois law "did not amount to an action 'against the consumer,'" the FDCPA's venue provision did not apply to it.  Id. at 617.

Only one circuit has reached a contrary result.  In Fox v. Citicorp Credit Services, Inc., 15 F.3d 1507, 1515 (9th Cir. 1994), the Ninth Circuit held that the FDCPA's venue provision applied to post-judgment garnishment proceedings under Arizona law.  That decision did not, however, discuss the "against any

6

consumer" language in the FDCPA or whether its venue provision applied to actions directed at third parties rather than consumers. As such, it has little persuasive value. See Smith, 714 F.3d at 76–77; Hageman, 817 F.3d at 618.

In this case, the question is whether the FDCPA's venue provision applies to post-judgment garnishment proceedings under Georgia law. As the First and Eighth Circuits have correctly explained, the FDCPA's venue provision applies only to legal actions "against any consumer." 15 U.S.C. § 1692i(a); see Smith, 714 F.3d at 75; Hageman, 817 F.3d at 617. That is what its words say and what its words mean. As a result, whether the provision applies to Georgia garnishment proceedings depends on whether those proceedings are legal actions "against any consumer."

The answer to that question is not difficult. We know that a Georgia garnishment proceeding is not an action against a consumer because Georgia law tells us as much. The garnishment process in Georgia requires the judgment-creditor to direct its summons to the garnishee (not the consumer), Ga. Code § 18-4-8(a), and it requires the garnishee (not the consumer) to file an answer, Ga. Code § 18-4-10(a). Not only that, but the governing statute specifically provides that "[a] garnishment proceeding is an action between the plaintiff [judgment-creditor] and garnishee." Ga. Code § 18-4-15(a). Although the consumer "may become a party to the garnishment by filing a claim with the clerk of court," id., the process

7

is fundamentally an action against the garnishee, not the consumer.  For that reason, the FDCPA's venue provision does not apply to post-judgment garnishment proceedings under Georgia law and Ray's FDCPA claim therefore fails.

Ray contends that we should not adopt this interpretation for several reasons. He first argues that this reading fails as a matter of statutory construction.  By its terms, the FDCPA's venue provision applies only to a "legal action on a debt against any consumer."  15 U.S.C. § 1692i(a).  Ray asserts that, under the last-antecedent canon, the phrase "against any consumer" modifies only the term "debt" and not the term "legal action."  If he is correct, the venue provision would apply to "any legal action on a debt," whether or not that action is against a consumer or some other third party, provided that the debt is "against any consumer."  Under that construction, the venue provision would apply to a Georgia garnishment proceeding because it is a "legal action" concerning "a debt against any consumer."

We reject that tortured reading of the statute.  To begin with, Ray invokes the wrong canon of construction.  Because the statutory clause at issue here does not contain any pronouns and, "[s]trictly speaking, only pronouns have antecedents," the last-antecedent canon does not apply.  Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 152 (2012); see also

8

Lockhart v. United States, 577 U.S. ___, 136 S. Ct. 958, 970 (2016) (Kagan, J., dissenting).  The more appropriate canon is the nearest-reasonable-referent canon, which "also applies to adjectives, adverbs, and adverbial or adjectival phrases." Scalia & Garner, Reading Law at 152.  That canon provides that "a prepositive or postpositive modifier normally applies only to the nearest reasonable referent."  Id. The FDCPA's venue provision contains two such modifiers:  "on a debt" and "against any consumer."  The reason the second one does not modify the first one is because "on a debt" is itself a prepositional phrase that modifies its nearest referent, "any legal action."  See id. at 153.  Under the nearest-reasonable-referent canon, "against any consumer" modifies "legal action," and the FDCPA venue provision applies only to a "legal action . . . against any consumer."

Ray also argues that our reading of the FDCPA fails as a matter of policy. One purpose of the statute's venue provision is to prevent debt collectors from filing suits in distant and inconvenient forums, thereby depriving consumers of the opportunity to defend themselves against debt-collection lawsuits.  See Smith, 714 F.3d at 76 (citing S. Rep. No. 95-382 at 5 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1699).  Ray asserts that excluding post-judgment garnishment proceedings from the FDCPA's coverage undermines that purpose.  As the First Circuit explained in Smith, however, the concern that a consumer will lose his opportunity to defend himself from a debt-collection lawsuit "is not present in the case of a

9

post-judgment proceeding." Id. That is because "[t]he original suit to collect on the debt occurred in a forum that was convenient for [the consumer]," the consumer "had an opportunity to defend against it," and the consumer was not "denied [his] day in court." Id. (quotation marks omitted).

The Federal Trade Commission's reading of the FDCPA supports this reasoning. See Smith, 714 F.3d at 76; Hageman, 817 F.3d at 618. The Commission's commentary provides, "If a judgment has been obtained from a forum that satisfies the requirements of this section, a debt collector may bring suit to enforce it in another jurisdiction." Statements of General Policy or Interpretation Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50,097, 50,101 (Dec. 13, 1988). That interpretation makes sense, the Commission noted, "because the consumer previously has had the opportunity to defend the original action in a convenient forum." Id. at 50,109. Although that commentary does not bind us, we accord it "considerable weight." Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1372 n.2 (11th Cir. 1998).

Finally, Ray argues that our reading of the FDCPA fails as a matter of federalism. He asserts that the meaning of federal law should not hinge on state-law definitions and that our interpretation must instead "begin and end with the text of the federal law." Not always, and not here. "Although federal law governs the interpretation of a federal statute," federal law sometimes "adopts state law as

10

the federal rule of decision." In re Prudential of Fla. Leasing, Inc., 478 F.3d 1291, 1298 (11th Cir. 2007).  And in interpreting a federal statute, we may look to state law when "a national rule is unnecessary to protect the federal interests underlying [a statutory scheme]." United States v. Kimbell Foods, Inc., 440 U.S. 715, 718, 99 S. Ct. 1448, 1453 (1979).

As we have already explained, our interpretation of the venue provision is consistent with the statute's purpose.  Under our reading, a debt collector must still bring its original action against the consumer in a venue prescribed by the FDCPA. Once it has obtained a judgment, however, the debt collector may bring an action in another jurisdiction to enforce it.  That statutory scheme affords the consumer an opportunity to defend himself against the original action in a convenient forum. Because a national rule in this context is unnecessary to ensure that opportunity, it is appropriate to look to state law to determine whether a state's post-judgment enforcement proceedings are "against any consumer" for the purposes of the FDCPA.

**AFFIRMED.**

11