In the
United States Court of Appeals
For the Seventh Circuit

No. 00-2287

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

EVAN WOODS,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern
Division.
No. 93 CR 632--John A. Nordberg, Judge.

Argued September 27, 2000--Decided November
27, 2000

  Before POSNER, COFFEY, and KANNE, Circuit
Judges.

  COFFEY, Circuit Judge.  On September 28,
1993, Evan Woods was charged in a two-
count indictment in the Northern District
of Illinois with: 1) being a felon in
possession of a firearm in violation of
18 U.S.C. sec. 922(g)(1) (count one); and
2) possession of a firearm with the
serial numbers removed, obliterated, or
altered, in violation of 18 U.S.C. sec.
922(k) (count two). After the trial judge
denied Woods' motion to suppress the
firearm found in his possession at the
time of his arrest, Woods pled guilty to
count one of the indictment and reserved
his right to appeal the denial of his
motion to suppress./1 Upon Woods' plea
of guilty to count one of the indictment,
the judge imposed a sentence of 180
months' imprisonment, three years'
supervised release, and a $50 special
assessment./2 We affirm.

  On July 23, 1993, at approximately 7:25
p.m., three Chicago police officers were
in an unmarked car patrolling in one of
the city's highest crime rated areas. As

the officers drove around a corner, they observed three men standing in front of an apartment building and that one of the three men was holding a firearm. As the officers approached, the person holding the weapon turned and ran into the building. The officers exited the car, ran into the building in pursuit of the defendant, and found Woods pounding on an apartment door. As one of the officers approached the man, he placed his hand on the defendant's shoulder and recognized him as Evan Woods./3 As Woods turned around, the officer observed the butt of the gun protruding from the inner pocket of the defendant's jacket. After Woods was placed under arrest, the officer seized a loaded 9-millimeter handgun.

After Woods was indicted on gun possession charges, he filed a motion to suppress the gun recovered from him on the grounds that the officers were without reasonable suspicion to detain him and, therefore, his arrest was unsupported by probable cause. At his suppression hearing, Woods testified that while he did have possession of the gun, he, in contradiction to the officer's testimony, was not showing the weapon to his friends, and thus there was no possible way the officers could have seen the gun. Woods further stated that he did not run into the building to elude the officers, but rather he merely walked into the building to visit a friend.

After the suppression motion hearing dealing with the legality of Woods' arrest, the trial judge stated:

Now, with respect to defendant Evan Woods' testimony, I have to say, Mr. Woods, that I made notes several times that I didn't believe his testimony.

* * *

Mr. Woods' story as to the fact that he just parked the car, got out of the car, had a brief conversation in which he lent money to two individuals, and walked directly into the apartment not seeing the police it seems to me really incredible when you see the short distance between the street and the building. The idea that a police car, because it would be clear that somebody with the experience that Mr. Woods has had would recognize the car if it is

surveillance on the street.

* * *

So it seems to me that the evidence supports the Government version that there are difficulties with defendant's version of the case. I didn't believe him. I noticed how his eyes, I looked at his eyes, his demeanor, the pauses, thinking out what he should say, and in the end, it is a judgment. I have done this for many years. I hope that I am reasonably accurate in assessing the credibility of witnesses, and I just did not believe the testimony that Evan Woods gave in this motion to suppress hearing.

Based on these findings the judge proceeded to deny Woods' motion to suppress.

On appeal, Woods argues that the district court committed clear error when it denied his motion to suppress. Woods also challenges the trial judge's determination that he qualified as an armed career criminal as well as the judge's determination that his sentence should be enhanced for obstruction of justice. Finally, Woods argues that hereceived ineffective assistance of trial counsel at the suppression hearing and at sentencing.

A.  Woods' Motion To Suppress

On appeal, Woods argues that, even though he possessed the weapon, the officers who claimed to have observed him with the firearm in plain view gave false testimony. Further, Woods argues that because he never displayed the firearm in plain view, the officers lacked the necessary probable cause to arrest him. Thus, according to Woods, the court should have suppressed the firearm recovered from his jacket pocket.

With regard to Woods' first claim, that the trial judge erred in denying his motion to suppress, this court reviews findings of historical fact and credibility determinations for clear error. United States v. Johnson, 170 F.3d 708, 712-13 (7th Cir. 1999). Furthermore, "[w]e have frequently held that the trial judge is in the best position to judge the credibility of witnesses who offer conflicting testimony . . . ." United

States v. Pitz, 2 F.3d 723, 727-28 (7th Cir. 1993).

As a matter of sound jurisprudence, we do not second-guess the sentencing judge's credibility determinations because he or she has had the best "opportunity to observe the verbal and non-verbal behavior of the witnesses focusing on the subject's reactions and responses to the interrogatories, their facial expressions, attitudes, tone of voice, eye contact, posture and body movements," as well as confused or nervous speech patterns in contrast with merely looking at the cold pages of an appellate record. United States v. Tolson, 988 F.2d 1494, 1497 (7th Cir. 1993) (quotation omitted).

United States v. Hughes, 213 F.3d 323, 334-35 (7th Cir. 2000).

As stated before, the police officers testified that while they were on routine patrol they saw Woods displaying a weapon to a group of people, and that Woods fled into a nearby building once he saw the officers approaching. However, Woods ignores the fact that the officers clearly had reasonable suspicion to believe that a crime had or was about to take place when they observed him holding a weapon in plain view (there is no reason to overturn the judge's credibility finding in favor of the police officers). See United States v. Sawyer, 224 F.3d 675, 680-81 (7th Cir. 2000). Furthermore, Woods fled into a nearby building when he observed the officers. Finally, when the officers approached Woods in the building, they could see a firearm, in plain view, sticking out of his inner jacket pocket. Consequently, Woods' arguments that the police did not have probable cause to arrest him are without merit.

B.  The Armed Career Criminal Act

18 U.S.C. sec. 924(e)(1) states:

[I]n the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or serious drug offense, or both, committed on occasions different from one another, such person shall be fined not more than $25,000 and imprisoned not less than

fifteen years . . . .

Furthermore a "violent felony" is defined as

any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .

18 U.S.C. sec. 924(e)(1)(B). Woods argues that his 1991 Illinois burglary conviction does not qualify as a violent felony because it was the burglary "of a commercial building, after closing, while unoccupied."[4]

However, when determining whether a particular crime is a violent felony, a sentencing court's inquiry is limited to the elements of the previous criminal convictions; the court is not free to look at the underlying facts of a particular case to see if the conduct was, in fact, violent. Taylor v. United States, 495 U.S. 575 (1990). With respect to burglary, the Supreme Court has held "that an offense constitutes 'burglary' for purposes of a sec. 924(e) sentence enhancement if either its statutory definition substantially corresponds to 'generic' burglary, or the charging paper and jury instructions actually required the jury to find all the elements of generic burglary in order to convict the defendant." Id. at 602. Furthermore, this court has previously held that an Illinois burglary conviction meets the definition set forth in Taylor. United States v. Simpson, 974 F.2d 845, 849 (7th Cir. 1992); United States v. Gallman, 907 F.2d 639, 644-45 (7th Cir. 1990). We are convinced that it was proper for Woods to have been sentenced as an armed career criminal because he had three previous violent felonies.[5]

C. Woods' Ineffective Assistance of Counsel Claim

Finally, Woods argues that he received ineffective assistance of counsel both at sentencing and at the suppression hearing. To succeed on his ineffective assistance of counsel claim, Woods must: 1) demonstrate that his counsel was ineffective; and 2) show that he was prejudiced by that ineffective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 687 (1984).

Initially, Woods argues that he received ineffective assistance at sentencing. However, as previously discussed, Woods received the absolute minimum sentence of fifteen years (180 months) under the Armed Career Criminal Act. As a result, Woods cannot establish that he was prejudiced in this case because no matter how well counsel performed there was no lesser sentence available to Woods under the mandatory sentence provisions of 18 U.S.C. sec. 924(e)(1).

Additionally, Woods argues that his counsel was ineffective at the suppression hearing in that counsel failed to call two witnesses that Woods alleges would have supported his version of the events. Woods further argues that counsel was ineffective for failing to point out that one of the government's witnesses had, according to him, lied under oath and that counsel should have informed the district court that defense counsel was under a grand jury investigation for alleged controlled substance abuse.

Even assuming Woods' recitation of events is accurate, he has still failed to establish the prejudice prong under Strickland. Three Chicago police officers observed Woods standing on a street corner displaying a firearm to a group of individuals. Furthermore, when Woods saw the officers approaching, he immediately fled into a nearby building. Immediately thereafter, Woods was apprehended and a loaded 9-millimeter handgun was found on his person.

Other than by challenging the credibility of the police officers, Woods fails to offer any evidence in contradiction of the arresting officers' version of events. Additionally, we have

previously determined that Woods was properly sentenced as an armed career criminal. We are convinced that Woods has failed to establish the necessary prejudice under Strickland because none of his allegations of attorney misconduct affect his actual guilt of the underlying offense (he admits to possession of the loaded firearm) and the trial judge gratuitously sentenced Woods to the lowest possible term of imprisonment.

Woods' conviction and sentence are

AFFIRMED.

/1 Count two of the indictment was dismissed on a motion from the government.

/2 Although Woods received an enhancement for obstruction of justice and a reduction for acceptance of responsibility, the trial judge's determination that Woods was an armed career criminal subjected him to a mandatory minimum sentence of 15 years (180 months). Therefore, his sentence was unaffected by the other sentencing factors listed above.

/3 The officer recognized Woods from a prior arrest and previous narcotics investigations.

/4 Woods does not dispute that he has two qualifying violent felonies: his Illinois convictions in 1981 (attempted armed robbery) and 1988 (robbery).

/5 Woods also argues that the trial judge erroneously enhanced his sentence for obstruction of justice. However, given our holding that the trial judge correctly determined that Woods was an armed career criminal and the fact that Woods received the mandatary minimum sentence of fifteen years, we are of the opinion that any error the district judge committed would have been harmless. See generally Durrive v. United States, 4 F.3d 548 (7th Cir. 1993); see also United States v. Frazier, 213 F.3d 409, 417 (7th Cir. 2000). Any error would be harmless because with or without the obstruction of justice enhancement, Woods still would have received the 15-year mandatory minimum sentence. Therefore, we do not consider this issue any further.