NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 25, 2011
Decided June 1, 2011

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

No. 10-3790

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 09-CR-78 |
| LERVON L. CAMPBELL, *Defendant-Appellant.* | Lynn Adelman, *Judge.* |

**O R D E R**

Lervon Campbell pleaded guilty to being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), and received the 15-year mandatory minimum sentence to run concurrent to an unrelated state sentence he was then serving. We vacated the sentence on appeal and remanded the case so that the district court could exercise its discretion to adjust Campbell's sentence to account for the time he had served on his undischarged state term. *United States v. Campbell*, 617 F.3d 958, 961-62 (7th Cir. 2010). On remand the district court granted Campbell's request to make the sentences fully concurrent and adjusted his sentence downward to account for the 24 months that Campbell already had served in state prison. Campbell now appeals his new sentence, but his appointed counsel has concluded that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967). We invited Campbell to comment on counsel's submission, *see* CIR. R. 51(b), but he

did not respond. Our review is limited to the potential issue identified in counsel's facially adequate brief. *See United States v. Cano-Rodriguez*, 552 F.3d 637, 638 (7th Cir. 2009).

The only issue that counsel considers raising is whether Campbell could challenge the district court's determination, at his initial sentencing, that he qualified as a career offender under the Armed Career Criminal Act, 18 U.S.C. § 924(e). Counsel considers whether Campbell could argue that the ACCA does not apply to him because his three qualifying burglary convictions did not involve illegal entries of a "dwelling," as required under § 4B1.2(a)(2) of the Sentencing Guidelines. But as counsel points out, this argument is not only frivolous, but also waived because, in his plea agreement, Campbell stipulated that he qualified as an ACC for having three qualifying burglary convictions. *See United States v. Harris*, 230 F.3d 1054, 1058-59 (7th Cir. 2000). Moreover, the law-of-the-case doctrine would preclude Campbell from challenging the career-offender penalty for the first time in this successive appeal. *See United States v. Sumner*, 325 F.3d 884, 891 (7th Cir. 2003).

Even if Campbell could raise the issue, it would be fruitless to argue that Campbell did not qualify as an armed career criminal. "[A] person has been convicted of burglary for purposes of a § 924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 599 (1990); *see United States v. Woods*, 233 F.3d 482, 485 (7th Cir. 2000). Thus burglary includes breaking into structures not limited to residential dwellings, *Taylor*, 495 U.S. at 576; *United States v. Gallman*, 907 F.2d 639, 644 (7th Cir. 1990), and his convictions count four purposes of § 924(e). The Supreme Court specifically rejected Campbell's belief that a burglary only qualifies if it involves a residential dwelling. *Taylor*, 495 U.S. at 576.

Accordingly, we **GRANT** the motion to withdraw and **DISMISS** Campbell's appeal.