Robert **JACKSON and Jeanette Etro,**
**Plaintiffs–Appellants,**

v.

**BLITT & GAINES, P.C.,**
**Defendant–Appellee.**

**Nos. 15-1573 & 15-1820**

United States Court of Appeals,
Seventh Circuit.

Argued October 27, 2015

Decided August 17, 2016

Matthew Henry Hector, Attorney, Sulaiman Law Group, Ltd., Oak Brook, IL, Plaintiffs–Appellants.

Michael L. Starzec, Attorney, Blitt & Gaines, P.C., Wheeling, IL, for Defendant–Appellee.

Before KANNE and ROVNER, Circuit Judges, and BRUCE, District Judge.[*]

KANNE, Circuit Judge.

At issue in this appeal is whether a wage-garnishment action under Illinois law is a "legal action" on a debt against a consumer under the venue provision of the Fair Debt Collection Practices Act ("FDCPA"). We hold that such actions are not against the consumer and therefore affirm the dismissals made by the respective district courts in this consolidated appeal.[1]

## I. BACKGROUND

Plaintiffs Robert Jackson and Jeanette Etro's (collectively, "Plaintiffs") respective complaints against Defendant Blitt & Gaines, P.C. ("B&G"), a debt collector, are similar in all material aspects. In both cases, Plaintiffs purportedly owed a debt, the creditor filed suit in Cook County seeking to collect on that debt, and after each Plaintiff failed to appear in court, a Cook County Circuit Court entered a default judgment against each of them. In each case then, B&G filed an affidavit for a wage deduction ("wage-garnishment action") in the First Municipal District in downtown Chicago and obtained a summons against Plaintiffs' respective employers. Both Plaintiffs allege it was this final act that violated the FDCPA's venue provision, 15 U.S.C. § 1692i(a)(2), because B&G should have filed the affidavits in the Sixth Municipal District in Markham, Illinois—the municipal district closest to Plaintiffs—and not in the First Municipal District.[2]

Plaintiffs filed their respective complaints in 2014, and B&G moved to dismiss them on the basis that B&G's filing of an affidavit for a wage deduction did not constitute a "legal action" against a "consumer" within the meaning of the FDCPA. The district courts agreed and granted B&G's respective motions. This consolidated appeal followed.

## II. ANALYSIS

■■■ Our review of a district court's decision to grant a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is *de novo*. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). When reviewing a motion to dismiss for failure to state a claim, "[w]e construe the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in her favor." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). To survive such a motion, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (internal quotation marks omitted).

---

[*] The Honorable Colin S. Bruce, of the United States District Court for the Central District of Illinois, sitting by designation.

[1] Pursuant to Federal Rule of Appellate Procedure 3(b)(2), counsel for Plaintiffs moved to consolidate the appeals of Plaintiff Robert Jackson and Plaintiff Jeanette Etro, and we granted the motion.

[2] The Cook County Circuit Court's Municipal Department has been subdivided into six smaller units called municipal districts.

■■ One purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). With that goal in mind, Congress enacted 15 U.S.C. § 1692i, which is aimed at preventing the abusive practice of debt collectors filing claims against consumers in improper venues. *See* S. Rep. No. 95–382, at 5 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1699. Plaintiffs have filed their complaints pursuant to this provision, which provides in relevant part that "[a]ny debt collector who brings any *legal action* on a debt *against any consumer* shall ... bring such action only in the judicial district or similar legal entity—(A) in which such consumer signed the contract sued upon; or (B) in which such consumer resides at the commencement of the action." 15 U.S.C. § 1692i(a)(2) (emphasis added). Violating this provision makes the debt collector liable to the consumer for statutory and actual damages, in addition to attorney's fees. 15 U.S.C. § 1692k.

■ The parties here do not dispute that: (1) Plaintiffs qualify as a "consumer" under the FDCPA and (2) B&G is a "debt collector" under the FDCPA. The sole issue on appeal here is whether B&G's wage-garnishment actions constituted a "legal action ... against any consumer" under § 1692i.

■ As with all questions of statutory interpretation, we start with the text of the statute to ascertain its plain meaning. *Hughey v. United States*, 495 U.S. 411, 415, 110 S.Ct. 1979, 109 L.Ed.2d 408 (1990). To do so, we "must look to the particular statutory language at issue, as well as the language and design of the statute as a whole." *K Mart Corp. v. Cartier, Inc.*, 486 U.S. 281, 291, 108 S.Ct. 1811, 100 L.Ed.2d 313 (1988). "It is a fundamental canon of statutory construction that, unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning." *Sandifer v. U.S. Steel Corp.*, —— U.S. ——, 134 S.Ct. 870, 876, 187 L.Ed.2d 729 (2014) (internal quotation marks omitted). That means we look to the meaning of the word at the time the statute was enacted, *Perrin v. United States*, 444 U.S. 37, 42, 100 S.Ct. 311, 62 L.Ed.2d 199 (1979), often by referring to dictionaries, *see Sandifer*, 134 S.Ct. at 876.

The FDCPA does not define a "legal action," so we must determine its "ordinary, contemporary, [and] common meaning" at the time the provision was enacted—in 1977. The Black's Law Dictionary in effect then also does not define "legal action." It does, however, provide the following definition for "action" under the heading "Practice": "It includes all the *formal proceedings in a court of justice* attendant upon the demand of a right made by one person of another in such court, including an adjudication upon the right and its enforcement or denial by the court." (4th Ed. 1951) (emphasis added). In other words, an action in legal practice means all formal judicial proceedings.

The Ninth Circuit in defining "legal action" in a different context found that "literally thousands of cases have used the term to refer to litigation," which lead it to conclude that the term's common usage refers to "litigation or *judicial proceedings*." *S&M Inv. Co. v. Tahoe Reg'l Planning Agency*, 911 F.2d 324, 327 (9th Cir. 1990) (emphasis added). The same circuit relied on this interpretation to hold that "legal action" in § 1692i means "all judicial proceedings, including those in enforcement of a previously-adjudicated right." *Fox v. Citicorp Credit Svcs., Inc.*, 15 F.3d 1507, 1515 (9th Cir. 1994). We agree that "legal action" under § 1692i means all judicial proceedings.

■ This determination though does not answer our question. The phrase after all provides that the "legal action" must be

on a debt "against any consumer." To determine what "against any consumer" means, we look to the *nature* of judicial proceedings at issue, which in this case, requires us to refer to Illinois law and the wage-garnishment scheme in place there. We use the word nature to make clear that we analyze the proceeding's characteristics and features, careful to avoid the "tyranny of labels" when relying upon state law to define the scope of a federal statute and cause of action. *EEOC v. Sidley Austin Brown & Wood*, 315 F.3d 696, 705 (7th Cir. 2002). The First and Eighth Circuits also looked to the nature of the underlying state proceedings when analyzing this same question. *See Smith v. Solomon & Solomon, P.C.*, 714 F.3d 73, 75 (1st Cir. 2013) (Massachusetts law); *Hageman v. Barton*, 817 F.3d 611, 618 (8th Cir. 2016) (Illinois law). When referring to state law though, we must be mindful that the FDCPA preempts state law to the extent state law affords a consumer less protection than the FDCPA does. 15 U.S.C. § 1692n; *Hageman*, 817 F.3d at 618.

Plaintiffs argue that we should interpret wage-garnishment actions under Illinois law as being directed at them—the underlying judgment debtor—and not their third-party employers because the statutory scheme requires that judgment debtors receive notice and an opportunity to contest responses given by their employers during the proceedings. We disagree.

Analyzing the Illinois wage-deduction scheme makes clear that its focus is on the third-party employer, not the judgment debtor. First, the summons is issued against the employer, not the debtor, and must be *served* upon the employer. 735 ILCS 5/12-805(a). A judgment debtor is only entitled to notice *via U.S. mail. Id.* Second, the debt collector serves interrogatories upon the *employer* who then must respond to them under oath. 735 ILCS 5/12-808(c). Third, while the debtor receives a copy of the employer's answered interrogatories and may contest those answers or request a hearing to dispute whether certain wages are exempt, the only response that is necessary for the action to continue the action is the employer's. 735 ILCS 5/12-811(a)–(b). In other words, the judgment debtor is not a necessary participant. Fourth, the employer may also be found liable if it does not comply with the wage-garnishment process. *See* 5/12-808(e)–(f), including having a conditional judgment entered against it if it fails to appear and answer in response to a summons, 735 ILCS 5/12-807(a). No such penalty exists for the judgment debtor. Finally, and perhaps most important for our purposes, wage-garnishment actions must be filed in the county where the third-party employer resides, regardless of the judgment debtor's residence. Ill. S. Ct. R. 277(d). These characteristics of an Illinois wage-garnishment action make clear to us that it is a legal proceeding *against an employer*, not a consumer.

Our conclusion is supported both by precedent and the purpose behind the FDCPA. The First Circuit in *Smith* analyzed a similar Massachusetts wage-deduction scheme and concluded the action was "geared toward compelling the [employer] to act, not the debtor." 714 F.3d at 76. There, the Massachusetts wage-deduction scheme, like Illinois's regime, required the summons to be issued against the employer and filed in the county where the employer resides. *Id.* at 75–76. And, like the Illinois scheme, the Massachusetts regime required that the debtor receive notice and "an opportunity to contest." *Id.* at 76. The Eighth Circuit when analyzing the same Illinois wage-garnishment scheme also concluded the action was not "against any consumer." *See Hageman*, 817 F.3d at 617–18.

The FDCPA's purpose is also unaffected by our decision today. As the First Circuit recognized, Congress's principal "concern underlying the FDCPA venue provision was that a debt collector would file in an inconvenient forum, obtain a default judgment, and thereby deny the consumer an opportunity to defend herself." *Smith*, 714 F.3d at 76 (citing S. Rep. No. 95–382, at 5 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1699). That is why, as the First Circuit noted, the Federal Trade Commission's commentary provides "[i]f a judgment is obtained in a forum that satisfies the requirements of [15 U.S.C. § 1692i], it may be enforced in another jurisdiction, because the consumer previously has had the opportunity to defend the original action in a convenient forum." *Id.* (alterations in original) (quoting Statements of General Policy or Interpretation Staff Commentary On the Fair Debt Collection Practices Act, 53 Fed. Reg. 50,097, 50,109 (Dec. 13, 1988)). Such guidance holds some interpretative sway, though it is not entitled to *Chevron* deference. *Carter v. AMC, LLC*, 645 F.3d 840, 844 (7th Cir. 2011).

Here, Plaintiffs had a chance to defend themselves in a venue that was considered appropriate under our interpretation of § 1692i *at the time* the suits were filed. At that time, *Newsom v. Friedman*, 76 F.3d 813 (7th Cir. 1996) was still good law in this circuit. In *Newsom*, we held that Illinois circuit courts constituted a "judicial district" within the meaning of § 1292i. We rejected the plaintiff's interpretation there that Cook County Circuit Court's Municipal Department's smaller units—the municipal district—could constitute a "judicial district or similar legal entity," which, if accepted, would have required debt collectors to file their complaints in the proper municipal district. Therefore, under *Newsom*, debt collectors would not have violated the FDCPA's venue provision if they filed their complaint against a debtor in any municipal district in Cook County, so long as the resident resided in Cook County or the consumer signed the contract being sued upon in Cook County. That is what the debt collectors in this case did when they filed suit against Plaintiffs—Cook County residents—in Cook County Circuit Court. It was irrelevant at the time that the creditors filed their complaints against Plaintiffs in the First Municipal District and not the Sixth Municipal District.

 *Newsom* remained intact until we overruled it in *Suesz v. Med–1 Solutions, LLC*, 757 F.3d 636 (7th Cir. 2014) (en banc). Under *Suesz*, debt collectors must now file in the proper municipal district *within* Cook County Circuit Court. But that decision was issued in July 2014, too late for Plaintiffs in this case to take advantage because the one year statute of limitations had already run on their FDCPA claims. 15 U.S.C. § 1692k(d). Although *Suesz* was made retroactive, 757 F.3d at 649–50, it did not invalidate the FDCPA's statute of limitations and bring to life claims for which the limitations period had long run. Plaintiffs' efforts here appear to be nothing more than a thinly veiled attempt to resurrect zombie FDCPA claims by asserting that wage-garnishment actions are against the consumer. We refuse to apply the FDCPA to circumvent the important policies underlying a statute of limitations, which include "rapid resolution of disputes; repose for those against whom a claim could be brought; avoidance of litigation involving lost evidence or distorted testimony of witnesses." *Soignier v. Am. Bd. of Plastic Surgery*, 92 F.3d 547, 553 (7th Cir. 1996).

Plaintiffs argue that we should embrace the reasoning of *Adkins v. Weltman, Weinberg & Reis Co., L.P.A.*, No. 2:11–CV–00619, 2012 WL 604249 (S.D. Ohio Feb. 24, 2012), an unpublished district court decision from outside this circuit. There, the district court analyzed the Ohio

wage-garnishment regime and determined that "[o]nly the judgment creditor and the judgment debtor have any beneficial interest at stake in a garnishment action" and that the employer is only a "nominal 'defendant.'" *Id.* at *6. Plaintiffs claim that because Ohio and Illinois's wage-garnishment regimes share some similarities— both require notice to the judgment debtor and allow the judgment debtor an opportunity to respond—that we should reach the same conclusion as the *Adkins* court.

There is, however, one key feature that differentiates Illinois's regime from the Ohio regime: To file a wage-garnishment action in Illinois, a debt collector must file it in the county where the third party employer resides. Ill. S. Ct. R. 277(d). Under Illinois law then, if, for example, the judgment debtor lived in Boone County and executed the contract at issue in Boone County and the debtor's employer resided in Winnebago County, the debt collector would never be able to garnish the debtor's wages without violating the FDCPA. We decline to adopt such an interpretation. The FDCPA was created to prevent abusive debt-collection practices, not to prevent law-abiding creditors from collecting on legally enforceable debts.[3]

### III. Conclusion

For the foregoing reasons, the judgments of the district courts are AFFIRMED.

---

**3.** Plaintiffs' attempts to characterize the wage-garnishment regime as a hybrid action against both the debtor and the employer fail for the same reason—enforcing the FDCPA in the manner suggested by Plaintiffs would create several situations where a creditor could not file a wage-garnishment action without either violating the FDCPA (by filing in the employer's municipal district) or failing to comply with Illinois law (by filing in the debtor's municipal district).

