NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued May 17, 2017
Decided June 9, 2017

**Before**

DIANE P. WOOD, *Chief Judge*

DANIEL A. MANION, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 16-1326

| | |
|---|---|
| UNITED STATES OF AMERICA | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District of |
| | Illinois, Eastern Division. |
| *v.* | |
| | No. 1:11-CR-00682 |
| KEITH CARR, | |
| *Defendant-Appellant.* | Elaine E. Bucklo, |
| | *Judge.* |

**O R D E R**

Keith Carr was convicted of conspiracy to distribute more than one kilogram of heroin and sentenced to twenty years' imprisonment. On appeal, he challenges the sufficiency of the evidence presented at trial, the district court's exclusion of impeachment evidence against a government witness, and his sentence. Finding his arguments meritless, we affirm the judgment of the district court.

## I.     Background

In the summer of 2009, federal, state, and local law enforcement organizations in Chicago began an investigation into Keith Carr, who was suspected of operating a large narcotics trafficking operation. The investigation involved a series of controlled buys of heroin by a confidential informant as well as more than a year of wiretap and physical surveillance. Finally, on October 3, 2011, the government filed a single-count criminal complaint against Carr, charging him with conspiring to distribute in excess of one kilogram of a mixture and substance containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 846 & 841(a)(1). On December 6, a grand jury returned an indictment charging Carr and his co-conspirators with the conspiracy offense and two less severe narcotics offenses.[1]

On December 12, 2011, the government filed an Information pursuant to 21 U.S.C. § 851 stating its intention to seek increased punishment based upon a prior felony narcotics offense. Upon electronic filing, that Information was served on all parties of record, including Carr. However, due to a clerical error in the district court clerk's office, the docket entry containing the Information was removed from the docket the next day. The clerk's office had originally alerted the government that the Information had been erroneously filed, but the office then said that it taken care of the issue and no further action by the government would be necessary.

On December 21, 2011, the government produced a certified copy of Carr's 2002 Illinois conviction for possession of a controlled substance upon which the Information was based. Thereafter, the government and defense counsel had several conversations referencing the Information in an attempt to reach a plea agreement. Defense counsel also acknowledged, in a motion to continue the trial date, that the mandatory minimum would be twenty years because of the Information.

Trial began on June 3, 2013. The government presented two witnesses who testified that they were Carr's co-conspirators and they had mixed, packaged, and dealt at least five kilograms of heroin at Carr's direction during the conspiracy. The co-conspirators testified under the terms of plea agreements that they had signed. The government supplemented the witness testimony with evidence from surveillance,

---

[1] The other offenses were: (1) ten counts of distributing a mixture and substance containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 846 & 841(a)(1); and (2) two counts of using a cell phone in furtherance of a drug trafficking crime, in violation of 21 U.S.C. § 843. Because these offenses carry lesser sentences than the conspiracy charge, they are not relevant to the appeal.

wiretapped recordings, and records of controlled buys. The jury found Carr guilty on all counts and the government moved for detention, citing the twenty-year mandatory minimum sentence. Carr did not contest the application of the mandatory minimum.

During preparations for sentencing, the government discovered that the Information was not on the docket despite the clerk's office's earlier assurances that the issue would be resolved. The government so advised the district court, which held a series of status hearings on the matter. In the end, the district court agreed with the government that a clerical error had caused the removal. The court concluded that Carr had proper notice of the Information and that he had not been deprived of due process. At sentencing, the court found that Carr was responsible for more than three kilograms of heroin and that the four-level leadership enhancement was applicable, amounting to a Guidelines range of 210 to 262 months. The court sentenced Carr to the mandatory minimum of 240 months' imprisonment. Carr timely appealed.

## II.     Discussion

Carr makes four arguments: (1) the evidence presented at trial was insufficient for a reasonable jury to convict him; (2) the district court erred by not permitting him to impeach one of his co-conspirators by introducing the witness's 1997 conviction for attempted murder; (3) the government was not entitled to rely on the Information because it had been removed from the docket; and (4) the district court's factual findings at sentencing regarding the quantity of heroin and the leadership enhancement were clearly erroneous. We consider each in turn.

### A.     Sufficiency of the Evidence

When we are confronted with a challenge to the sufficiency of the evidence to maintain a conviction, "[w]e do not weigh the evidence or assess the credibility of witnesses." *United States v. Orozco-Vasquez*, 469 F.3d 1101, 1106 (7th Cir. 2006). "Instead, we view the evidence in a light most favorable to the government and reverse only when there is no evidence, no matter how it is weighed, from which a rational jury could find guilt beyond a reasonable doubt." *Id.* Needless to say, "[i]nsufficiency of the evidence arguments are hard to win." *Id.* We have described the burden for defendants as a "nearly insurmountable hurdle." *United States v. Moore*, 425 F.3d 1061, 1072 (7th Cir. 2005) (quoting *United States v. Frazier*, 213 F.3d 409, 416 (7th Cir. 2000)).

It is plain that Carr cannot clear that hurdle. As described above, the government presented ample evidence of his guilt, including the testimony of co-conspirators,

recorded phone conversations, and records of controlled heroin buys. The jury was entitled to believe this evidence, and we cannot disturb that decision on appeal. See *United States v. Beverly*, 913 F.2d 337, 358 (7th Cir. 1990) (a conviction may rest solely on circumstantial evidence, "even when the evidence at trial is 'totally uncorroborated and comes from an admitted liar, convicted felon, large scale drug-dealing, paid government informant'" (quoting *United States v. Molinaro*, 877 F.2d 1341, 1347 (7th Cir. 1989)). Simply put, there was more than enough evidence presented from which a rational jury could have found Carr guilty of the conspiracy offense. Therefore, we reject his sufficiency challenge.

### B.     Impeachment of Co-Conspirator Witness

Carr argues that the district court erred by not permitting him to impeach his co-conspirator Mokece Lee using Lee's 1997 conviction for attempted murder. However, under Federal Rule of Evidence 609(b)(1), a witness's prior conviction for which he has been released more than ten years ago is not admissible unless "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." And we have cautioned that "impeachment by a conviction falling outside the rule's ten-year time limit should be permitted only in rare and exceptional circumstances." *United States v. Rogers*, 542 F.3d 197, 201 (7th Cir. 2008). Lee was released from prison in 2002, so the conviction is quite stale. Nor is a conviction for attempted murder particularly relevant to a witness's penchant for honesty. See *Barber v. City of Chicago*, 725 F.3d 702, 714–15 (7th Cir. 2013) ("A felony conviction for possession of stolen property ... is not a crime of dishonesty per se, but it is more probative of dishonesty than other crimes, like murder or assault." (citations omitted)). Carr points to no exceptional circumstances that would merit departing from the usual rule in this case. Therefore, we hold that the district court did not abuse its discretion by refusing to admit Lee's attempted murder conviction.

### C.     Validity of the Information

Carr next argues that the district court erred by permitting the government to rely on the Information even though it had been removed from the docket. We disagree. The government satisfied the three requirements of 21 U.S.C. § 851(a) by filing the Information, serving it upon defense counsel, and identifying the particular conviction on which it sought to rely. Moreover, Carr was not prejudiced by the clerical error (which happened through no fault of the government). Both Carr and his counsel knew about the Information, having referred to it during pretrial plea negotiations and referenced it in a motion to continue the trial date. Indeed, nobody realized that the

initial clerical error had not been fixed until the government came across the entry when preparing for sentencing. In these circumstances, we will not disturb the district court's decision to permit the government to rely on the Information. Because Carr does not contest the use of the underlying conviction, we conclude that the court properly applied the mandatory minimum in this case.

### D.    Factual Findings at Sentencing

Lastly, Carr disputes the district court's factual findings at the sentencing hearing, which led to Guidelines enhancements for the quantity of heroin and for his leadership of the conspiracy. We decline to address this argument because any error committed would necessarily be harmless. Even had Carr not received the contested enhancements, he would have received the same mandatory minimum sentence. That is the quintessential example of harmless error. See *United States v. Woods*, 233 F.3d 482, 485–86 n.5 (7th Cir. 2000). Therefore, we affirm Carr's sentence on the ground that the mandatory minimum was properly applied.

## III.    Conclusion

The evidence presented in this case was plainly sufficient to sustain Carr's conviction for conspiracy to distribute heroin, and his prior narcotics offense qualifies him for a twenty-year mandatory minimum sentence. He cannot avoid that sentence because of the clerk's office's error. Therefore, we AFFIRM the judgment below.