In the

# United States Court of Appeals

## For the Seventh Circuit

No. 19-1409

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

KEITH A. MELVIN,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Central District of Illinois.
No. 18-CR-30045 — **Sue E. Myerscough**, *Judge.*

ARGUED SEPTEMBER 27, 2019 — DECIDED JANUARY 24, 2020

Before WOOD, *Chief Judge*, and KANNE and BARRETT, *Circuit Judges*.

KANNE, *Circuit Judge*. Keith Melvin hoped to obtain a copy of his presentence investigation report before his sentencing hearing. But the district court ordered the probation office not to give a copy to Melvin, who was instead allowed only to review the report with his attorney. At his sentencing hearing, Melvin asked for his own copy of the report, but the district court refused his request.

Melvin appeals his sentence, arguing that the district court violated 18 U.S.C. § 3552(d) and Federal Rule of Criminal Procedure 32(e)(2) by denying him a copy of his presentence investigation report. We hold that the district court did not violate § 3552(d), but did violate Rule 32(e)(2), which means what it says: defendants should be given their presentence investigation report. Melvin did not receive his report, so this was error. But because the error was harmless, we affirm his sentence.

## I. BACKGROUND

Keith Melvin pled guilty to possessing with intent to distribute more than fifty grams of methamphetamine. *See* 21 U.S.C. § 841(a)(1), (b)(1)(A). The probation office then prepared a presentence investigation report ("PSR") and filed it with the court electronically. The report noted that Melvin's crime carried a mandatory minimum sentence of fifteen years in prison followed by ten years of supervised release.

The probation office also mailed Melvin's attorney a letter regarding the PSR, stating in part:

> At the direction of the Honorable Sue E. Myerscough, U.S. District Judge, the Presentence Report on Keith Melvin has been electronically filed. Pursuant to Judge Myerscough's directive, a copy of the report has not been provided to the defendant and you should not provide a copy to them. You are responsible for reviewing the report with Mr. Melvin.

Melvin's attorney obeyed the district court's directive: he reviewed the PSR with Melvin without giving the PSR to Melvin. Melvin's attorney also raised four objections to the PSR, which were resolved before the probation office issued its revised report.

At his sentencing hearing, Melvin confirmed that he reviewed the PSR with his attorney. But Melvin noted that he did not receive the report himself and asked the district court if he could get a copy of it. Judge Myerscough denied Melvin's request, explaining that "[t]here is confidential information in [the PSR] that would be harmful" to Melvin and his family if it were made public. Melvin made no other objections to the PSR.

The district court sentenced Melvin to fifteen years in prison and ten years of supervised release—the mandatory minimum sentence for his crime.

## II. ANALYSIS

Melvin appeals his sentence, arguing that he should have received his own copy of the PSR. He bases his arguments on a statute, 18 U.S.C. § 3552(d), and Federal Rule of Criminal Procedure 32(e)(2). We review questions of statutory interpretation and of rule interpretation *de novo*. *See, e.g.*, *United States v. Miller*, 883 F.3d 998, 1003 (7th Cir. 2018); *Silva v. City of Madison*, 69 F.3d 1368, 1371 (7th Cir. 1995). But we will not remand for a new sentencing hearing if the "error that may have crept into the sentencing proceeding was harmless." *United States v. Minhas*, 850 F.3d 873, 879 (7th Cir. 2017).

*A. Requirements under the Statute and the Rule*

Melvin argues that both § 3552(d) and Rule 32(e)(2) require that a defendant receive his PSR.

"As with all questions of statutory interpretation, we start with the text of the statute to ascertain its plain meaning." *Jackson v. Blitt & Gaines, P.C.*, 833 F.3d 860, 863 (7th Cir. 2016). In ascertaining a statute's plain meaning, we "must

look to the particular statutory language at issue, as well as the language and design of the statute as a whole." *K Mart Corp. v. Cartier, Inc.*, 486 U.S. 281, 291 (1988). Unless words are otherwise defined, they "will be interpreted as taking their ordinary, contemporary, common meaning." *Sandifer v. U.S. Steel Corp.*, 571 U.S. 220, 227 (2014) (quoting *Perrin v. United States*, 444 U.S. 37, 42 (1979)). We find words' ordinary, contemporary, common meaning by looking at what they meant when the statute was enacted, often by referencing contemporary dictionaries. *Jackson*, 833 F.3d at 863. If the statutory language's plain meaning is unambiguous, our inquiry ends there. *See River Rd. Hotel Partners, LLC v. Amalgamated Bank*, 651 F.3d 642, 649 (7th Cir. 2011).

These principles of statutory interpretation apply also to federal rules, including the Federal Rules of Criminal Procedure. *See, e.g.*, *Pavelic & LeFlore v. Marvel Entm't Grp.*, 493 U.S. 120, 123 (1989) (applying principles of statutory interpretation to the Federal Rules of Civil Procedure); *United States v. Owen*, 500 F.3d 83, 89 (2d Cir. 2007) (same, for Federal Rules of Criminal Procedure).

Applying these principles to the statute and to the rule in this case, we conclude that § 3552(d) does not require defendants to receive their PSR, but Rule 32(e)(2) does impose that requirement.

*1. Section 3552(d)*

Section 3552(d) requires the district court to "assure that a [PSR] is *disclosed* to the defendant, the counsel for the defendant, and the attorney for the Government." 18 U.S.C. § 3552(d) (emphasis added). Melvin argues that disclosing a PSR to a defendant requires the district court to give the de-

fendant the PSR. But this reading conflicts with the plain meaning of "disclose."

When § 3552(d) was enacted in 1984,[1] Black's Law Dictionary defined "disclose" as: "[t]o bring into view by uncovering; to expose; to make known; to lay bare; to reveal to knowledge; to free from secrecy or ignorance, or make known." *Disclose*, Black's Law Dictionary (5th ed. 1979). Under this definition, disclosing information just requires making it known to a person; it does not demand transfer of a document. So, the plain reading of § 3552(d) is unambiguous: the district court must assure that the contents of the PSR are made known or revealed to the defendant, not that the defendant actually receive the PSR.

This reading finds reinforcement in other language in § 3552(d). In the very next sentence, after requiring a district court to disclose the PSR to the defendant, § 3552(d) directs the district court to "*provide a copy* of the presentence report to the attorney for the Government." 18 U.S.C. § 3552(d) (emphasis added). We presume that the use of different words in the same statute is evidence that Congress intended different meanings. *Abbott v. Abbott*, 560 U.S. 1, 33 (2010). If Congress wanted to require the district court to give defendants their PSRs, it could have done so by requiring the district court to "provide a copy" of the PSR to defendants. Instead, it chose different language, implying that "disclosing" is not the same as "providing a copy."

---

[1] Although Congress has amended § 3552(d) since its enactment, the relevant portion of the statute remains the same. *Compare* Act of Oct. 12, 1984, Pub. L. No. 98–473, § 3552, 98 Stat. 1837, 1989 *with* 18 U.S.C. § 3552(d) (2012).

Melvin's case is a prime example of how "disclosing" differs from "providing a copy." The district court explicitly prevented Melvin from receiving his own copy of the PSR. At the same time, Melvin's attorney was made responsible for reviewing the PSR with Melvin. And Melvin's attorney did exactly that: he discussed the contents of the PSR with Melvin without providing him a copy. In that way, the PSR was disclosed to Melvin, as required by § 3552(d), without Melvin receiving his own copy.

Because the district court ensured Melvin was aware of the PSR's contents, the court complied with § 3552(d). Since § 3552(d) does not require the district court to give Melvin his own copy of the PSR, we must now determine whether Rule 32(e)(2) imposes that requirement.

*2. Rule 32(e)(2)*

Rule 32(e)(2) states that "[t]he probation officer must *give* the presentence report to the defendant, the defendant's attorney, and an attorney for the government at least 35 days before sentencing." Fed. R. Crim. P. 32(e)(2) (emphasis added). The government concedes that this rule requires the probation office to give the PSR to defendants. And our own analysis of Rule 32(e)(2) leads us to the same conclusion.

When Rule 32(e)(2) was amended in 2002 to include the language at issue here,[2] Black's Law Dictionary defined "give" as: "[t]o voluntarily transfer (property) to another without compensation." *Give*, Black's Law Dictionary (7th ed. 1999). In contrast to the statutory mandate to "disclose,"

---

[2] *See Amendments to the Federal Rules of Criminal Procedure*, 535 U.S. 1157, 1226 (2002); Cong. Rec., vol. 148, pt. 5, p. 6813; *see also* 28 U.S.C. § 2074.

the rule's directive to "give" clearly requires the probation office to transfer possession of the PSR to others. Specifically, Rule 32(e)(2) unambiguously requires the probation officer to give—that is, transfer—the PSR to not only the defendant's attorney, but also the defendant. Under its plain meaning, the rule cannot be satisfied by giving the PSR only to the defendant's and government's attorneys; the probation office also must also give the PSR to the defendant.

However, we understand the risk that comes with a defendant possessing a PSR in prison. A PSR will often contain confidential information about the defendant and members of the defendant's family; it may also name individuals who are cooperating with the government. This information, if it were to become public, could be harmful to the defendant and to others.

Importantly, Rule 32(e)(2) does not define the contours of a defendant's possession of the PSR. Rule 32(e)(2) simply requires that the probation office give the PSR to the defendant for some period of time. Accordingly, district courts have discretion to determine where and for how long the defendant may possess the PSR, taking into consideration the specific safety concerns in each case.

In sum, the plain meaning of Rule 32(e)(2) requires the probation office to give defendants their PSRs. The district court in this case, rather than setting reasonable conditions on possession of the PSR after it was given to the defendant, unconditionally prohibited the probation office from giving the PSR to Melvin. This absolute prohibition on providing the PSR to the defendant was a violation of Rule 32. Since the rule was violated, we must determine whether that error requires Melvin to be resentenced.

*B. Harmless Error*

Although we stress that district courts must adhere to Rule 32's requirements, we review violations of this rule for harmless error. *See, e.g.*, *United States v. Roberge*, 565 F.3d 1005, 1011 (6th Cir. 2009) (listing multiple circuits that have reviewed violations of Rule 32 for harmless error); *United States v. Zimmer*, 199 F. App'x 555, 560 (7th Cir. 2006) (reviewing a violation of Rule 32(i)(3)(B) for harmless error). Under harmless error review, we will not remand for resentencing "when we are convinced that returning the case to the district court would result in the same sentence." *Minhas*, 850 F.3d at 879–80.

And that is the case here. We are convinced that returning this case to the district court would result in Melvin receiving the same sentence. This is because Melvin received the statutory minimum sentence for his offense: fifteen years in prison and ten years of supervised release. His sentence could not be lower if he were resentenced, making this is a classic example of harmless error. *See United States v. Woods*, 233 F.3d 482, 485 n.5 (7th Cir. 2000); *United States v. Carr*, 695 F. App'x 953, 957 (7th Cir. 2017). We therefore decline to remand for resentencing.

### III. Conclusion

By unconditionally prohibiting Melvin from being provided (i.e. given) a copy of the PSR, the district court did not violate 18 U.S.C. § 3552(d), though that unconditional prohibition did violate Rule 32(e)(2). Because this error was harmless, we AFFIRM the district court's judgment.