NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 21, 2021
Decided January 22, 2021

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 20-1141

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No.  1:18-CR-00565-1 |
| FRANCISCO ROBLES, *Defendant-Appellant*, | **John J. Tharp, Jr.**, *Judge*. |

**O R D E R**

Francisco Robles and an accomplice, Daniel Garcia, sold undercover federal agents three kilograms of heroin in a shopping mall parking lot. Robles pleaded guilty to conspiracy to distribute and distribution of one or more kilograms of heroin. 21 U.S.C. §§ 846 & 841(a)(1) and (2). The district court imposed the mandatory minimum sentence of 120 months in prison and ten years of supervised release. Robles appealed, but his appointed counsel asserts that the appeal is frivolous and moves to withdraw. See *Anders v. California*, 386 U.S. 738, 744 (1967). We agree and grant the motion.

Counsel's brief explains the nature of the case and potential issues an appeal of this kind would be expected to involve. The analysis appears thorough, and Robles has not responded to the motion, see CIR. R. 51(b), so we limit our review to the issues counsel raises. See *United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014). After consultation with counsel about the risks and benefits of challenging his guilty plea Robles reported that he wishes only to challenge the length of his sentence. See *United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012). Therefore, counsel properly omits discussion of whether the plea was knowing and voluntary. *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).

Counsel correctly concludes that Robles cannot raise any nonfrivolous argument that there was a legal or procedural error in the calculation of his sentence. First, the 120-month prison sentence comports with the law: it is the mandatory minimum based solely on the quantity of heroin he admitted selling (3 kilograms) and far short of the statutory maximum sentence of life imprisonment. 21 U.S.C. § 841(b)(1)(A)(i) and (viii). Second, the court correctly calculated the range under the Sentencing Guidelines. Under U.S.S.G. § 2D1.1(a)(5), Robles began with a base offense level of 32; this was decreased by three levels for his acceptance of responsibility but increased by two because the court found that Robles planned and organized the drug sale and managed Garcia. See U.S.S.G. § 3B1.1(c). With a criminal history category of I, this resulted in a range of 108 to 135 months, which became 120 to 135 months in light of the 10-year (120-month) statutory minimum. See U.S.S.G. § 5G1.1(b). There is no plausible challenge to this computation.

Because of Robles's role in the offense, the district court also ruled that, despite his otherwise clean record, he was ineligible for a below-minimum sentence under the safety valve, which does not apply if the defendant was "an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines." See § 5C1.2(a)(4); 21 U.S.C. § 841(b)(1)(A)(viii). As counsel explains, Robles would be unable to make a nonfrivolous argument that the court's findings about his role in the offense were clearly erroneous. See *United States v. Fincher*, 929 F.3d 501, 505 (7th Cir. 2019) (affirming sentence when judicial factfinding resulting in safety valve ineligibility). Although the district court believed that it was a close case, Robles admitted facts sufficient to permit the court to come to a "commonsense judgment" that he planned or organized the crime. *United States v. Colon*, 919 F.3d 510, 517 (7th Cir. 2019) (citation omitted).

Specifically, Robles conceded that, after the undercover agent initiated contact, he called and sent text messages to the agent several times to negotiate the price and amount of heroin to be sold, decided where and when the sale would take place, instructed Garcia how to package and deliver the heroin, and decided how much to pay him. See U.S.S.G. § 3B1.1(c), App. Note 4 (directing courts to consider the defendant's decision-making authority, recruitment and control over accomplices, and share in the fruits of the crime). In the sentencing hearing, the district judge carefully analyzed our treatment of the "organizer" issue in *United States v. Collins*, 877 F.3d 362, 366–68 (7th Cir. 2017). The court focused on the facts of the one large drug transaction at issue here and explained the ways in which Robles first recruited and then directed Garcia and paid him a trifling amount for his work as a courier in the deal. Our review of the district court's findings would be deferential, making any challenge to the enhancement frivolous in this case.

Counsel next concludes, and we agree, that the sentence imposed was also substantively reasonable. Though the court determined that Robles was ineligible for a below-minimum sentence through the safety valve, it discussed his mitigation arguments, including substance abuse, lack of a criminal record, and strong family support, when it imposed no more than the minimum. See 18 U.S.C. § 3553(a); see also *United States v. Jackson*, 940 F.3d 347, 354 (7th Cir. 2019) (holding that a sentence that equal to the mandatory minimum and within the Guidelines range was reasonable). Moreover, as a mandatory minimum, Robles's sentence "could not be lower if he were resentenced." *United States v. Melvin*, 948 F.3d 848, 854 (7th Cir. 2020).

Finally, in his written submissions before sentencing, Robles expressly waived all challenges to the two five-year terms of supervised release and the conditions. *See* 21 U.S.C. § 841(b)(1)(A)(viii). Therefore, it would be frivolous to challenge this component of his sentence. See *United States v. Wheeler*, 857 F.3d 742, 744 (7th Cir. 2017).

We GRANT the motion to withdraw and DISMISS the appeal.