NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 20, 2021
Decided October 20, 2021

*Before*

FRANK H. EASTERBROOK, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 21-1442

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 4:20-CR-40020-JPG-1 |
| ZEFERINO CELSO MORALES AURELIA, *Defendant-Appellant*. | J. Phil Gilbert, *Judge*. |

**O R D E R**

Zeferino Celso Morales Aurelia pleaded guilty to attempting to entice a minor to engage in sexual activity, *see* 18 U.S.C. § 2422(b), and was sentenced to the mandatory minimum of 120 months in prison. He appeals, but counsel asserts that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). With the assistance of a fellow prisoner, Morales Aurelia opposes the motion. *See* CIR. R. 51(b).

Counsel's brief explains the nature of the case and addresses potential issues that an appeal of this kind might involve. Because their analysis appears thorough, we limit our review to the issues that she and Morales Aurelia discuss. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel begins by evaluating the validity of the plea but does not discuss whether she consulted Morales Aurelia about the risks of challenging his plea. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012). The omission is harmless, however, because the record shows, and counsel correctly concludes, that any challenge to his plea would be frivolous. *Id.* Morales Aurelia did not move to withdraw his plea in the district court, so we would review the district court's acceptance of it for plain error. *United States v. Davenport*, 719 F.3d 616, 618 (7th Cir. 2013). No arguable plain error occurred here. Following Rule 11 of the Federal Rules of Criminal Procedure, the district court explained the nature of the charge, informed Morales Aurelia of potential penalties (including immigration consequences), determined the factual basis for his plea, and confirmed that his decision was knowing and voluntary. The court did so by providing Morales Aurelia, who comes from a Mixteco-speaking community in Mexico, with a Spanish-language interpreter. During the plea colloquy, Morales Aurelia confirmed that he understood the proceedings. Although he now says that he sometimes had to strain to understand the interpreter's Spanish, Morales Aurelia does not argue that he was unable to follow the proceedings. Thus, any challenge that the plea was not knowing and voluntary would be frivolous.

Counsel next considers, and correctly rejects, a potential challenge to the substantive reasonableness of the 120-month prison sentence. Counsel does not state whether she discussed with Morales Aurelia the risks of such a challenge. *See United States v. Caviedes-Zuniga*, 948 F.3d 854, 856 (7th Cir. 2020). But again, any challenge would be pointless. Morales Aurelia did not object to the presentence investigation report, or the court's adoption of its recommended Guideline range of 120 months to life in prison. More importantly, the conviction carries a mandatory minimum sentence of 120 months in prison. 18 U.S.C. § 2422(b). Thus, "[h]is sentence could not be lower if he were resentenced." *United States v. Melvin*, 948 F.3d 848, 854 (7th Cir. 2020).

Finally, both counsel and Morales Aurelia consider raising the issue of ineffective assistance of counsel on direct appeal. But an ineffective-assistance claim, which generally requires evidence outside of the record, is better suited to a collateral attack rather than a direct appeal. *United States v. Cates*, 950 F.3d 453, 456–57 (7th Cir. 2020). Counsel also represented Morales Aurelia in the district court and would be ill-

positioned to argue that her own performance was deficient. *See United States v. Rezin*, 322 F.3d 443, 445 (7th Cir. 2003).

We GRANT counsel's motion to withdraw and DISMISS the appeal.