NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 5, 2022[*]
Decided May 5, 2022

**Before**

DAVID F. HAMILTON, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 21-3108

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 11 CR 682 |
| KEITH CARR, *Defendant-Appellant*. | Elaine E. Bucklo, *Judge*. |

**O R D E R**

Keith Carr, a federal inmate who is overweight, moved for compassionate release based on health risks from COVID-19 and his contention that his 20-year sentence would not be mandatory today. *See* 18 U.S.C. § 3582(c)(1)(A). The district court denied

---

[*] We have agreed to decide the case without oral argument because the brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

his request, reasoning that he was vaccinated and that post-sentencing changes in the law did not justify his early release. The court did not abuse its discretion, so we affirm.

In 2016, a jury found Carr guilty of crimes that he committed in his role as the leader of a drug trafficking conspiracy. *See* 21 U.S.C. §§ 841(a)(1); 842(b); 846. Because the government filed notice under 21 U.S.C. § 851 of Carr's prior conviction in Illinois for felony drug possession, he was sentenced to a mandatory minimum term of 20 years in prison. We dismissed his direct appeal. *United States v. Carr*, 695 F. App'x 953 (7th Cir. 2017). And his later efforts to obtain collateral relief were unsuccessful. *Carr v. United States*, No. 19-2033 (7th Cir. May 12, 2020); *Carr v. United States*, No. 20-1123 (7th Cir. Feb. 3, 2020); *Carr v. Kallis*, No. 21-2439, 2021 WL 5814234 (8th Cir. July 20, 2021), *cert. denied*, 142 S. Ct. 837 (Jan. 10, 2022). His projected release date is in June 2030.

Carr moved, pro se, for compassionate release in June 2021. He argued that his continued imprisonment was unjust because it was based on a state conviction that was no longer a felony drug predicate under § 851, and because the enhancement created an unwarranted sentencing disparity among his codefendants. He also insisted that the court wrongly determined at his original sentencing that the state conviction qualified as a predicate because he had received only probation for it. Finally, he contended that, despite his vaccination, his weight increased his risk of problems from COVID-19. The government responded that none of these grounds justified an early release.

The district court denied the motion, first ruling that changes to the law did not permit a sentence reduction under § 3582(c)(1)(A). Further, Carr's sentence was within the new guidelines range and any sentencing disparity was warranted because he led the drug conspiracy. Next, the court concluded that any risk of complications from COVID-19 were low regardless of Carr's weight: he was fully vaccinated, most inmates and staff at the prison were vaccinated, and the prison had no active cases. Under the prisoner-mailbox rule, Carr timely appealed. FED. R. APP. P. 4(c)(1).

Carr first argues that he was entitled to relief based on flaws in the original mandatory sentence: His state conviction never should have triggered the enhanced sentence, intervening law has clarified that the conviction is not a felony drug predicate, and his lengthy sentence created an unwarranted sentencing disparity. The district court's ruling to the contrary was not an abuse of its discretion, however. Changes in sentencing law are not extraordinary and compelling reasons for compassionate release. *See United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021). Nor is a motion for compassionate release the proper way to remedy a potential error in the original sentence. *See United States v. Martin*, 21 F.4th 944, 946 (7th Cir. 2021). Allowing Carr to

obtain relief on either ground would bypass the normal means of challenging a sentence, which he has already exhausted. *Id.*

Carr also contends that the court improperly relied on his vaccination status. He points out that being overweight puts him at a higher risk of complications from COVID-19, that vaccinated inmates have become reinfected with the virus, and that the number of positive cases at his prison has increased since the denial of his motion. But, the district court reasonably concluded that Carr's risk of contracting COVID-19 is not an extraordinary and compelling reason for release now that, as the record shows, he has been fully vaccinated. *See United States v. Broadfield*, 5 F.4th 801, 802–03 (7th Cir. 2021). Although Carr argues that the virus has evolved, he did not establish that he is especially vulnerable to COVID-19 notwithstanding his vaccination. *See United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022). The district court properly considered Carr's weight along with his vaccination, the high vaccination rate at his prison, and the lack of reported infections. And although Carr points to an increased number of positive cases since the district court's ruling, we are limited to reviewing the evidence that was before the district court at the time of decision. *See United States v. Howell*, 958 F.3d 589, 595 (7th Cir. 2020).

AFFIRMED